## SMITH v. HOUSTON.

1. B having executed several deeds of trust to H, to indemnify S, and others, his sureties in certain bonds for the prosecution of writs of error, afterwards it was agreed between S, B, H, and another of the sureties, that B should give to H the control of his growing crop of cotton, to be shipped to Mobile, sold, and the proceeds applied according to the trust expressed in the deed. The cotton, amounting to fifty-one bales, was accordingly marked with the initials of H's name, by B and one of his sureties, and shipped by them to Messrs. D, S & Co. who received and sold the same, and held the proceeds, amounting to about $1,900. To reimburse S $1,030, which the property sold under the deeds of trust failed to pay, H drew on Messrs. D, S & Co. in favor of S, for the proceeds of the fifty-one bales, which in the bill it was recited he had shipped them as trustee, &c.; on this draft the drawees offered to pay about $500—insisting upon the right to retain the residue of the money in their hands for the payment of demands, which they had against B. S refused to receive the $500, caused the bill to be protested, and gave notice to H. Messrs. D, S & Co. were subsequently garnisheed by a creditor, who recovered a judgment against them for the $500. H was advised of the pendency of the garnishment, but did not inform the garnishees of his claim to the money, except as above stated: *Held*, that the proof of the foregoing facts did not show the loan, advance, or payment of money by S for H; nor do they show that the latter had received money for the use of the former, or that he was indebted to him upon an account stated; that the fair inference is, that H drew upon D, S & Co. merely to carry out the agreement between B and his sureties, and the fact of drawing did not impose upon him the legal duty of coercing

Smith v. Houston.

payment of the drawees : *Further*, the facts above stated do not show that B gave to H the control of his cotton crop—that H shipped it, or that D, S & Co. were instructed to place the proceeds to his credit.

2. Where, giving full credit to all the plaintiff's proof, it fails to make out such a case as entitles him to recover, a charge to the jury which is erroneous, as the assertion of a legal proposition, furnishes no ground for the reversal of a judgment against him.

Writ of error to the Circuit Court of Sumter.

THIS was an action of assumpsit at the suit of the plaintiff in error against the defendant. The declaration contained counts for money lent and advanced, paid, laid out, &c., had and received, and upon an account stated. In addition to these, there was a special count, alledging that the plaintiff, Thomas Bevill and Calvin Davis had become responsible for John B. Bunn, for a large sum of money, as his surety in bonds for the prosecution of writs of error, &c. That Bunn had executed two deeds of trust to the defendant, as trustee, upon lands and slaves, to secure the plaintiff and his co-sureties in the event of their liability being fixed, &c.; and with a view further to secure them it was agreed between the plaintiff, defendant, Bunn and Bevill, before the sale under the deeds of trust, that Bunn should give to the defendant the control of his growing crop of cotton, to be shipped to Mobile, sold, and the proceeds applied according to the trusts provided by the deed. The liability of the sureties was fixed by an affirmance of the judgments upon which the writs of error were sued out; and pursuant to the agreement, the crop of cotton of Bunn, amounting to fifty one bales, were shipped to Desha, Sheppard & Co., to be sold, and was received by the consignees. Afterwards the property conveyed by the deeds of trust was sold for the benefit of the sureties, and the proceeds applied, still leaving the plaintiff in advance for Bunn, one thousand and thirty dollars; the defendant, to reimburse this sum, by an instrument in writing, requested Messrs. D, S & Co. to pay to the plaintiff the proceeds of the fifty-one bales of cotton, marked R. F. H., which he had shipped to them as trustee in a deed of trust executed by John B. Bunn, to secure the plaintiff and his co-sureties. It is further alledged, that at the time the writing above mentioned was made and presented to Messrs. D, S & Co. they had

93

in their hands the proceeds, amounting to about nineteen hundred dollars, yet they refused to pay the same—of all which the defendant had notice, yet he refused to pay the plaintiff, or to enforce payment by Messrs. D, S & Co.

The cause was tried by a jury, who returned a verdict for the defendant, and judgment was rendered accordingly. On the trial, the plaintiff excepted to the ruling of the Court. It appears from a comparison of the facts recited in the bill of exceptions with the last count of the declaration, that that count was proved, saving perhaps so much of it, as relates to the shipment of the cotton by the defendant. The evidence upon that point was as follows, viz: Bevill and Bunn, about two weeks before the sale under the trust deeds, marked the fifty-one bales of cotton with the initials R. F. H. shipped it to D, S & Co. and informed the defendant thereof. To reimburse the defendant one thousand and thirty dollars, which the property sold under the trust deed failed to pay, the defendant drew as follows: " Livingston, April 16th, 1842, Messrs. Desha, Sheppard & Co.—Gent. Please pay over to Dr. Joseph A. Smith, the proceeds of the fifty-one bales of cotton, marked R. F. H., which cotton I shipped you, as trustee in a deed of trust, executed by John B. Bunn to secure Thomas L. Bevill and Joseph A. Smith, and much oblige your most ob't serv't." (Signed,) " R. F. Houston, Trustee." This draft was delivered to the plaintiff, its payee, who presented it to the drawees. Payment was refused, Messrs. D, S & Co. insisting upon their right to retain all but about five hundred dollars of the proceeds of the cotton for the payment of demands which they had against Bunn, and offered to pay that sum to the plaintiff, if they were indemnified ; but the plaintiff declined receiving it upon the terms proposed, and caused the draft to be protested for non-payment, and notice thereof duly sent to the defendant, through the post office.

The defendant made no efforts to settle with D, S & Co.; they were subsequently garnisheed by a creditor of Bunn, of which the defendant had notice, but he never informed the garnishees of his claim, except as above stated, and a judgment for about five hundred dollars was recovered upon the garnishment. There was no evidence that the plaintiff offered to return the draft to the defendant before he instituted this suit.

Upon this evidence the Court charged the jury, that matters

Smith v. Houston.

of trust could only be settled in equity ; that though the defendant might be there liable, or in an action on the case, they would not consider this' upon the issue before them.   To make the defendant liable, he must have made an express or implied agreement for a valuable consideration.'   Had he received any benefit? Had he possession of, or controlled the cotton, or became liable by express agreement?   Although there was a verbal agreement that the cotton was to be held on the same trusts as the property conveyed by the deeds, yet to constitute a trust it must have been in writing.   The verbal agreement did not prevent Bunn's creditors from subjecting the cotton, or Messrs. D, S & Co. from appropriating the proceeds to the payment of their demands against him.   That the order by the defendant did not impose a liability upon him, as he drew as trustee, and that the defendant -if chargeable, should be sued in Chancery, or in another form of action ; his neglect to endeavor to collect the proceeds of the cotton from Messrs. D, S & Co. did not authorize a verdict against him in the present case.

R. H. SMITH, for the plaintiff in error, made the following points :   1. The facts proved fully sustained the last count in the declaration, and the plaintiff was entitled to a verdict.   2. The verbal agreement in respect to the cotton was good—no rule of law requiring trusts to be in writing.   3. The order drawn by the defendant would support an action.   [Chitty on Bills, 11, 154 to 159, 593 ; 4 Porter's Rep. 205.]

4. If the order on Desha, Sheppard & Co. and their failure to pay, did not constitute a good cause of action, these, when coupled with defendant's negligence,' entitled the plaintiff to recover.

F. S. LYON, for the defendant, insisted, that the order for the proceeds of the cotton, drawn by the defendant on Messrs. D, S & Co. was not a bill of exchange and was not so treated by the declaration.   The facts disclosed, as well as the writing itself, show, that it was not sustained by a valuable consideration.   It was given by the defendant to the plaintiff, to enable the latter to receive the proceeds of the cotton, under an arrangement between Bunn and the beneficiaries in the deeds of trust.   [Waters v. Carlton, 4 Porter's Rep. 205 ; 1 Bibb's Rep. 503.]

The plaintiff can't recover upon the common counts, because the defendant did not receive any part of the proceeds of the cotton ; nor could he recover in case on the ground of the defendant's negligence. The plaintiff had interposed and undertaken to become the collector of the money, and he should have returned the order before he could ask the trustee to interfere.

Conceding that the charge of the Court was incorrect, in laying down legal propositions, yet, if from the entire facts disclosed in the record, the plaintiff can't recover, the error of the Court does not authorize the reversal of the judgment. [Porter v. Nash, 1 Ala. Rep. N. S. 452.

COLLIER, C. J.—The facts proved at the trial did not sustain either of the common counts. They do not establish the loan, advance, or payment of money by the plaintiff for the defendant, nor do they show that the latter had received money for the use of the former, or that he was indebted to him upon an account stated. It appears that Bunn and one of the beneficiaries in the deeds of trust marked the cotton of the former with the initials of the defendant's name, shipped it to Messrs. D, S & Co., and informed him thereof. To reimburse the plaintiff for his advances, the order in question was addressed to the consignees.

It will be observed, that the defendant never did take the cotton into his possession ; it was merely shipped in his name for sale, and there is no proof that he ever assented to the transaction by undertaking to supervise the sale and withdraw the proceeds, to be appropriated for the purposes provided by the deed. The reasonable inference from the case as presented to us, is, that the defendant gave the order to the plaintiff merely to carry out the agreement of the grantor in the deeds, and his sureties. No previous obligation rested upon the defendant in respect to the cotton or its proceeds, and the order, under the circumstances, did not impose on him the legal duty of coercing payment of Messrs. D, S & Co., if they refused to honor it. It is not pretended that any consideration moved to the defendant, which could make him liable to make good the default of the drawees ; and the order, especially when connected with the extrinsic proof, shows a case in which the defendant was employed as a mere instrument for

the performance of a gratuitous duty, which others had devolved upon him.

The defendant has done every thing which he undertook to do. He has directed the payment of the money to the person entitled to it; whether paid or not, his legal and moral duty is at an end, and he cannot be required to compel the consignees to account for the proceeds of the cotton. This conclusion seems to us, to result so clearly from the nature and extent of the defendant's engagement as trustee, that the argument to sustain it, will not admit of amplification.

Without stopping to inquire whether the last count is unobjectionable, we are inclined to think that it is not sustained by the proof. It alledged that Messrs. D, S & Co. "had received said cotton for sale from said defendant, for the benefit of plaintiff and Bevill, as aforesaid," &c. Now although it is alledged that Bunn had agreed to give the plaintiff the control of his cotton crop, yet we have seen that the agreement was not performed, and that instead of placing it in the defendant's possession, or shipping it to his order, Bunn and Bevill merely marked it in his name, and shipped it to the consignees. This proof does not sustain the allegation that the defendant was the shipper of it, or that Messrs. D, S & Co. received it from him. It does not appear that the consignees were instructed to sell for the account of the defendant, or to place the proceeds to his credit. There is then, a defect in the proof, in showing that the cotton was placed under the defendant's control. Whether he might not, by the employment of legal coercion, have compelled Messrs. D, S & Co. to account to him, we need not consider, as he was under no obligation to adopt such measures. And perhaps, if such an inquiry were now proper, no satisfactory conclusion could be attained from the facts in the record. The statement in the order, that the defendant had shipped the cotton, as trustee, does not conclude the defendant against the facts proved at the trial.

The discrepancy noticed between the allegation and the proof, relates to a part of the account as material as any other, if indeed all of it together states a legal duty. From this view of the case, it results, that the plaintiff did not sustain his declaration, that he was not entitled to a verdict, and whether the charge to the jury laid down the law correctly or not, it worked no injury to him,

and the error, if any, does not authorize a reversal of the judgment.

The conclusion expressed, relieves us from the necessity of inquiring whether, if the special count be bad, yet supported by the evidence, a general charge against the plaintiff would furnish a ground for a reversal, or whether the plaintiff should not have prayed the Court to instruct the jury on that count alone. See Cullum v. The Branch Bank at Mobile, 4 Ala. Rep. 39.

We have only to add, that the judgment of the Circuit Court is affirmed.