29 337
93 574
29 337
104 300

## CROTHERS, Adm'r, &c., *vs.* LEE et al.

[BILL IN EQUITY AGAINST ATTORNEY, AS TRUSTEE, FOR NEGLIGENCE, ACCOUNT, &c.]

1. *Variance between allegations and proof.*—Where the bill alleges that complainant's debtor placed certain claims in defendant's hands, as trustee, to collect and apply the proceeds to the payment of complainant's debt, which was then in his hands for collection ; while the proof shows that complainant received the claims as a payment, *pro tanto*, of his debt, and placed them for collection in the hands of defendant as an attorney-at-law, the variance between the allegations and proof is fatal. So, also, if the bill alleges that

the debtor placed the claims in defendant's hands, as trustee, for the benefit of complainant, while the proof shows that they were so placed in his hands for the benefit of all the debtor's creditors, the variance is fatal.

2. *Jurisdiction of equity in cases of account where remedy at law is adequate.*—A bill for an account against an attorney-at-law, charging him with negligence and a failure to pay, is without equity, when there is no complexity or difficulty in the account.

3. *Jurisdiction in cases of discovery.*—A bill cannot be maintained on the ground of discovery alone, unless it alleges that the complainant cannot prove the facts without the defendant's answer.

ERROR to the Chancery Court of Perry.

Heard before the Hon. W. W. MASON.

THIS bill was filed by the plaintiff in error, as the administrator of Jack F. Ross, deceased, against Columbus W. Lee and Silas M. Ivey ; seeking to hold Lee accountable, as trustee and attorney-at-law, for certain claims alleged to have been placed in his hands by said Ivey, to collect and pay over the proceeds to said Ross, in payment of a debt owing to him by Ivey & Goodwin, of which firm said Ivey was a partner. The material facts of the case appear in the opinion of the court. The chancellor dismissed the bill, on final hearing, on the ground that the proof did not sustain the allegations ; and his decree is now assigned as error.

I. W. GARROTT, for the appellant, cited the following cases:

1. As to the alleged variance between the allegations and proof, Chapman v. Hamilton, 19 Ala. 121 ; Gilchrist v. Gilmer, 9 Ala. 985 ; Eldridge v. Turner, 11 Ala. 1050.

2. That Lee was accountable as a trustee, Hill on Trustees, pp. 55–6.

3. That the bill was maintainable for an account and discovery, Story's Equity, vol. 1, §§ 442–3.

WM. M. BYRD, *contra*, cited Bryan & McPhail v. Cowart, 21 Ala. 92 ; Paulling v. Lee and Ivey, 20 Ala. 770 ; Crabb's Adm'r v. Thomas, 25 Ala. 212 ; Evans v. Battle, 19 Ala. 398 ; Skinner v. Barney, 19 Ala. 698 ; McKinley v. Irvine, 13 Ala. 693 ; Standifer v. McWhorter, 1 Stew. 532 ; Bibb v. McKinley, 9 Porter, 636 ; Herring v. McEldery, 5 Porter,

161; Story's Equity Pleadings, § 257; 4 Kent, 305; Hill on Trustees, 59, 161.

WALKER, J.—The bill in this case, which was dismissed by the chancellor, seeks relief against Lee only.   The allegation upon which the case of the complainant is based, is, that one Ivey, of the partnership of Ivey & Goodwin, being indebted to Jack F. Ross, the complainant's intestate, placed in the hands of Lee claims upon their debtors, in trust to collect the same and pay over the money to Ross, on his debt against Ivey & Goodwin, which Lee, as an attorney, then had for collection.   Lee is also charged with neglecting the collection of those claims; with an appropriation of money, when collected, to his own use, and with a failure to account. The answer of Lee denies the allegations of the bill, as to the placing by Ivey of the claims of Ivey & Goodwin in his hands, to be collected and appropriated to the benefit of Ross; and avers that the claims of Ivey & Goodwin were received by the complainant's intestate, through his agent, as a payment, *pro tanto*, of his debt on Ivey & Goodwin, and were then placed by the said agent for the complainant's intestate in his hands, as an attorney, for collection.

There is proof, adduced by the complainant, which conduces to show that *Ivey & Goodwin* placed *all* their claims in the hands of Lee, to pay their creditors generally.   There is also proof, by two witnesses, sustaining the answer of Lee, as above set forth, with distinctness and clearness.   The credibility of one of those witnesses is assailed; with what success, it is unnecessary to inquire.   There is no attempt to impeach the other witness, who was the clerk of Ivey & Goodwin. There is no proof, sustaining the assertion, that the claims of Ivey & Goodwin were placed in the hands of Lee, as trustee, to collect and pay over for the benefit of Ross.

The case which the complainant's proof conduced to make, and the case made by the answer, are materially different from that made by the bill; and the relief, either under the case made by the complainant's proof, or under the case made by the answer, would be materially different from the relief under the case made by the bill.

If the claims of Ivey & Goodwin were by them all placed

in the hands of Lee, to be collected for the benefit of their creditors generally, the other creditors besides the complainant would be necessary parties to the bill, and would be entitled to share in the sum with which Lee might be charged. If the claims were first received by complainant's intestate, as a payment, *pro tanto*, on his debt against Ivey & Goodwin, and then placed by him in the hands of Lee, as an attorney, for collection, Lee would be responsible as an attorney, and not as a mere trustee, in which capacity the bill seeks to charge him.

If the claims of Ivey & Goodwin were delivered by them to Lee, as a trustee, to collect and pay over on the debt of Ross against them, the recovery of complainant against Lee would be limited by the amount of the debt on Ivey & Goodwin, which might remain unpaid; and Lee could defend on the ground that the debt on Ivey & Goodwin was discharged, and that, as the trust was designed to secure the payment of a debt, he was accountable only to them after the debt was discharged. On the other hand, if Lee simply received those claims, as an attorney, for collection, from the complainant's intestate, after their unconditional transfer to him, there is an accountability to complainant alone, in which Ivey & Goodwin would not be concerned. Under the bill, Lee would be a trustee for the benefit of Ross, and attorney-at-law for Ivey & Goodwin; under the answer, he is simply attorney-at-law for Ross.

We conclude, that the case made by the bill is sustained neither by the proof, nor by the answer; that relief adapted to the proof or answer would be altogether different from that adapted to the bill; and that, therefore, the bill was properly dismissed, so far as the claims of Ivey & Goodwin against their debtors are concerned.—Barnes v. Williams, 28 Ala. ; 27 Ala. 42 ; *ib*. 542 ; 13 Ala. 681 ; 20 Ala. 754 ; 22 *ib*. 106 ; 22 *ib*. 132 ; 27 *ib*. 191.

2. So far as the bill seeks an account against Lee, as an attorney, charged with the collection of the debts of complainant's intestate on Ivey & Goodwin, it does not contain equity. The complainant's remedy for an account against his attorney is at law ; because there is no complexity in the accounts between the parties, except as to the claims received

from Ivey & Goodwin; and as to them, we have already decided, that the complainant is entitled to no relief, in the present state of the pleadings. The account consists of a single item on one side, to which the defendant may have offsets or credits. Aside from the claims received from Ivey & Goodwin, this is a suit in chancery by a client, against his attorney, for negligence and a failure to pay, when there is no complexity or difficulty in the account. Such a suit cannot be maintained, consistently with the previous decisions of this court.—Kirkman v. Vanlier. 7 Ala. 224; Paulling v. Lee & Ivey, 20 Ala. 768; Knotts v. Tarver, 8 Ala. 736; Halsted v. Rabb, 8 Porter, 63; Russell v. Little, 28 Ala. 160.

3. The jurisdiction of the chancery court to grant relief, cannot be maintained upon the ground of discovery alone, unless it is averred in the bill that the complainant is unable to prove the facts without the answer of the defendant.— Perrine v. Carlisle, 19 Ala. 690. The bill in this case does not contain such an averment, and is, therefore, not maintainable upon the ground of discovery alone.

The decree of the chancellor is correct, and is, therefore, affirmed, at the costs of the plaintiff in error.