## ANN SANTACRUZ *v.* JOSEPH SANTACRUZ.

1. APPEAL FROM A JUDGMENT OVERRULING A DEMURRER, WITH LEAVE TO AMEND.—The record recites, "it is decreed that the demurrer be overruled with leave to answer in thirty days, and the complainant, on motion, is granted leave to amend his bill of complaint, from which opinion and decision of the court, respondent prayed and obtained an appeal." The appeal was entertained in the supreme court.

2. CHANCERY—BILL—MULTIFARIOUSNESS.—Multifariousness in a bill of complaint, is cause of demurrer.

3. SAME—JURISDICTION—DEMURRER.—A suit on an open account and arbitration and award, are matters within the jurisdiction of a court of common law, and unless some special equity be shown, their introduction into a bill in chancery, is cause of demurrer. A bill to foreclose a mortgage is not sufficient, without there is prayer for sale, upon the coming in and confirmation of report of the amount due.

4. SAME—FRAUD—HOW CHARGED.—A mere naked charge of fraud, without any statement of the elements of fraud, showing a case for equitable relief, is not sufficient, and is demurrable.

5. BILL TO FORECLOSE A MORTGAGE—WHAT TO CONTAIN.—A bill to foreclose a mortgage, is not sufficient, without a prayer for sale, upon the coming in and confirmation of the report of the amount due, and is demurrable.

Appeal from the chancery court of Harrison county. SHACKELFORD, J.

*George Wood* and *Smith & Clifton*, for appellants.

The error assigned is the overruling of the demurrer.

The grounds of demurrer are, 1st. That the circuit court had no jurisdiction of this bill in equity. Const., 16, art. 6 ; U. S. Congress "admission act," Feb. 23, 1871.

2d. That the complainant is seeking to recover money from the estate of his deceased brother, on an open account,

and that said estate is without representation, etc. Rev. Code, 438, 455, 458.

3d. That complainant is seeking to enforce a mortgage dated October 16th, 1856, and the claim is barred by the statute of limitations. Act Jan. 29, 1862; 40 Miss., 611; 28 Miss., 312; 3 Peters, 378; 33 Miss., 155; Rev. Code, 379, 400; Story's Eq. Pl., 25, 426; Peters, 434, 484-5, 503, 614, 757.

5th. An award of arbitration of the matter in dispute. Caldwell on Arbitration, 21, 23, 25, and note; 1 Bouvier's Law Dic., 613; 3 Meeson & Welsby, 199; 1 Dowling & Lownds, 148; 2 Story's Eq. Jur., 951; Caldwell on Arbitration, 219, 222, note; 8 Pick., 291; Story's Eq., 955, § 459.

And last, that fraud is charged in the bill, but no facts stated to sustain the charge. 2 Story's Eq., 952 and cases cited; Story's Eq. Pl., 242-3.

*Geo. L. Potter*, for appellee.

1st. This is an appeal from an order overruling a demurrer of one of the defendants to a bill in chancery. We submit that, under the circumstances of the case, this appeal cannot be entertained by this court. It is true there was a demurrer overruled, and the statute, in such a case, gives an appeal; but that is allowed for a useful purpose—to give opportunity for an early decision upon the equity of the case stated in the bill, and thus avoid expense and delay in many cases. But we have a case here, which is not within the reason of the statutory rule allowing such appeals.

The entry is: "That the said respondent's demurrer be overruled, with leave to answer, etc.; and the complainant, on motion, is here granted leave to amend his bill of complaint;" "from which opinion and decision" an appeal was prayed and granted.

The meaning of the entry is, that the court saw fit not to sustain the demurrer, but to grant leave to amend. In such a case, an appeal is obviously improper. It seeks, and can

gain, no end but delay; for we cannot anticipate what state of case will be presented under this general leave to amend. Let the appellant wait until the bill can be amended, and then test its equities. To show how premature is this appeal, let us suppose the demurrer is sustained here, and what will be the judgment? You cannot sustain it, and dismiss the bill, for appellee has already leave to amend, and that order cannot be questioned here; and this court would be compelled to leave the case just as it stood when this appeal was prayed. The fact is, there was nothing to appeal from, and therefore this appeal must be dismissed,

2d. The demurrer is to the whole bill, and it was properly overruled, if the bill shows any ground for relief. The bill was filed January 6th, 1870, at which date the present chancery courts were not organized. It was evidently filed in the old chancery court, and not in the circuit court. It is addressed to the judge of the eighth judicial circuit court district—presiding on the equity side of said court—both the circuit and the chancery courts being then held at the same time, and by the same judge. The prayer is for process, "returnable at a rule day," etc. The process of summons on this bill was issued from, and required defendants to appear in, the court of chancery of Harrison county. The demurrer, as its caption shows, was filed in the chancery court at "rules," p. 26. The first ground for demurrer, that the circuit court "had no jurisdiction, was stated under a misapprehension; for the case was filed in the chancery court, and the demurrer was acted on after the cause had been transferred to the new chancery court.

3d. One purpose of the bill is to foreclose a mortgage of lands made to complainants, by Jacque Santacruz, on the 16th October, 1856, to secure a note due one year from that date. The bill is filed against the widow and heirs of the mortgagor. It is stated that Jacque Santacruz, mortgagor, is dead, but the date of his death is not stated, and the bill charges "that there has been no administration on his estate as yet."

It does not, therefore, appear that the claim is barred.

There has been no grant of administration on the estate of the debtor; and if, as may be the fact, he died before the note fell due, the statute has not yet begun to run on the note. Abbott v. McElroy, 10 S. & M., 100. It does not appear that the claim is barred, and the demurrer for that cause is unfounded. Therefore, limitation should in such a case have been pleaded.

4th. The bill assails an award made, on submission of appellee and the widow of Jacque Santacruz, of matters between the estate and appellee, embracing the mortgage debt and other debts shown in the bill. Complainant agreed to submit under the misapprehension that Mrs. Santacruz was adm'x on the estate of her husband, and authorized to bind it by the submission, but he now finds that she was not adm'x. The submission was, therefore, a one-sided affair— made only by complainant, and not affecting the estate; also charges that the award is illegal and fraudulent—for this: the main facts of the account between the parties were withheld from the arbitrators, but how this was done complainant does not know; and no account was stated between the parties. As this award, if adhered to, settles the claims of appellee, it is necessary to have it vacated, in order to a decree of forecloser of the mortgage. This presents a case within the acknowledged jurisdiction of equity, and a proper case for relief.

The claims for rent and on open account were proper to be mentioned, in anticipation of claims that might be set up by way of offset to the mortgage debt. But as the demurrer is to the whole bill, it is immaterial whether or not the matters of rent, etc., are of equity cognizance. As to the continued jurisdiction of the old chancery court, until the new courts were organized. Cooper v. Moore, *supra.*

TARBELL, J.:

At the January term, 1870, of the Harrison county circuit court, in chancery, Joseph Santacruz filed his bill of complaint against Ann Santacruz, widow of Jacque Santacruz

deceased, and Johanna, Louisa, Ann, Tony, George, and John Santacruz, minor heirs of deceased, all residents of Harrison county, asserting among other things, that on the 10th day of March, 1853, Brantly Bond and wife, conveyed a lot of land situated in the town of Biloxi to complainant and Jacque Santracruz, deceased, brother of complainant. On the 16th day of October, 1856, the deceased executed a mortgage to complainant, giving him a lien upon said land to secure the payment of two hundred dollars, in twelve months thereafter; the debt secured by said mortgage is yet due and unpaid, together with the interest; Jacque Santacruz died on the — day of 18—, intestate; there has been no administration on the estate of deceased; there were unsettled accounts between the brothers at the death of the deceased. By a verbal agreement, the deceased was to pay thirty dollars rent per annum to complainant for said lot and land; the settlement of accounts between complainant and the estate of his deceased brother was submitted to arbitration, by a written agreement between complainant and the widow of the deceased; the agreement to arbitrate, and the award are made exhibits; but the object of setting out the arbitration is not stated, and there is no special prayer in regard to it; a suit instituted in the circuit court of Harrison county, by Ann Santacruz against Joseph Santacruz, is referred to and the writ made an exhibit, its connection with the case at bar is not indicated; complainant prays for general relief, and particularly that the mortgage executed to him October 16, 1856, be foreclosed; that an account of the sum due on the mortgage and other accounts, including rent, be taken; that an injunction issue restraining the suit at law referred to until the hearing of the case at bar, and that it be then made perpetual; a receiver, a subpœna, etc., are also prayed for.

The account charged to deceased is for flour, bacon, biscuit, coffee, and quinine, amounting to $465. The agreement to arbitrate mentioned in the bill is as follows:

"We the undersigned, Ann Santacruz, widow of Jacque

Santacruz, and Joseph Santacruz, do hereby agree that in order to avoid a lawsuit, and to settle finally between us the differences in relation to a certain house and lot situated near the market-house in Biloxi, purchased by said Jacque Santacruz deceased, and Joseph Santacruz from Brantly Bond and wife, as per deed, the 10th day of March, 1853, and recorded in the clerk's office of said county, on the 11th day of April, 1853.. Also in order to settle all legal accounts accruing during the life-time of deceased, between said parties. That we will choose two arbitrators each, and they shall have power to settle finally, all claims and accounts between the undersigned parties, and in case they cannot agree, they shall select the fifth one, and we hereby bind ourselves to abide by the decision of the said arbitrators, and the same shall be binding upon our heirs hereafter.

"Given under our hands and seals, this the 12th day of January, A. D. 1869,

(Signed)   Ann Santacruz, [seal]
"Jos. Santacruz, [seal]."

The award of the arbitrators recites that they were "duly sworn to arbitrate a matter of property and accounts in dispute between the estate of James Santacruz, deceased, and Joseph Santacruz," and that "after hearing all the testimony in the case and investigating the matter as far as in their power," they decreed that "Joseph Santacruz shall execute a quit claim deed to the children of his deceased brother, Jacque Santacruz, of all his right, title and interest in and to a certain property now occupied by the heirs," of deceased, and described in the deed of Bond and wife before referred to, and that he pay to the widow of the deceased forty-nine dollars, balance due deceased for labor. The arbitrators further awarded that each party shall pay to each of their arbitrators and witnesses the expenses of the arbitration, and further, that when their award is complied with, "that is a final settlement of the disputes between the estate of James Santacruz, deceased, and Joseph Santacruz, his brother." Signed and sealed by the arbitrators, February 20, 1869.

Ann Santacruz demurred to the bill of complainant on the following grounds :

1st. Want of jurisdiction, because by the constitution the circuit court have no longer jurisdiction of matters in equity.

2d. Because administration has not been granted on the estate of deceased, and in the face of this fact complainant is seeking to collect money out of said estate on an open account.

3d. It appears upon the face of the bill that the claim of complainant is barred by the statute of limitations.

4th. The estate of the deceased is without representation in court, and the remedy of complainant is barred by statute.

5th. The award is binding and conclusive upon complainant.

6th. There are in the bill no sufficient charges of fraud.

The record recites, that it is decreed that the demurrer be overruled, " with leave to answer in thirty days, and the complainant, on motion, is here granted leave to amend his bill of complaint, from which opinion and decision of·the court the respondent prayed and obtained an appeal."

In this court, the only error assigned is the action of the court below in overruling the demurrer. The bill is defective, for several causes. Among others, it is multifarious. The introduction of the suit instituted by Ann Santacruz against Joseph Santacruz, into the bill of complaint in this case, is without any apparent reason. If that suit has any connection with the one at bar, the bill fails to explain how, or in what manner. The bill states an action instituted, and prays an injunction, without further particulars. The open account of complainant against deceased, including the claim for rent, is a simple claim within the jurisdiction of a court of common law. It has no place in this bill.

So, with the reference to the arbitration and award, which seems to us to serve no other purpose than to increase the objectionable features of the bill. We deem it out of place to discuss the questions involved in this statement, which is improperly inserted in this bill.

The only legitimate purpose of the bill before us, apparent on its face, is the foreclosure of the mortgage; but it is not sufficient, without amendment, to this end. By adding a prayer for sale, upon the coming in and confirmation of report of amount due, after giving the proper parties a time certain within which to pay, and upon their failure to do so, this bill would doubtless answer the object named, first expunging the improper matters therein.

In regard to the statute of limitations, we are unable to express any opinion, as the record fails to show the date of the demise of James Santacruz. And we might add, that the allegations of fraud are insufficient for the purposes for which such averments are usually employed, the averment being a mere naked charge, without any statement of the elements of fraud, showing a case for equitable relief on that ground. 41 Miss., 460.

The decree overruling the demurrer is reversed; the demurrer is sustained and the bill dismissed, unless at the next term of the chancery court of Harrison county, the complainant shall apply for leave to file an amended bill free from the vices of the one under review. Rev. Code, 510; art. 198, § 16; ib., 547, 49.