# The State, use &c. *v.* Bradshaw's Adm'r *et al.*

*Bill in Equity, at Suit of State, against Defaulting County Superintendent.*

1. *Public officers; jurisdiction of equity, in matter of accounts of.*—A court of equity will not entertain a bill, at the suit of the State, against a public officer who has given an official bond for the performance of his duties—*e. g.*, a county superintendent of education—to compel a settlement of his accounts, or the correction of errors in a settlement already made with the proper officer, on the ground that he is a trustee ; nor on the ground of fraud, because, on said settlement, by fraud or collusion, he used vouchers which had been used on former settlements, and thereby procured the allowance of credits to which he was not entitled ; nor on the ground that the accounts are complicated. The remedy at law is full, adequate, and exclusive.

APPEAL from the Chancery Court of Sumter.

Heard before the Hon. THOMAS B. WETMORE, as special chancellor, selected by the parties, on account of the incompetency of Chancellor A. W. DILLARD, who was related to one of the parties.

The bill in this case was filed on the 23d March, 1875, in the name of the State of Alabama, suing for the use of Sumter county, against the administrator of Robert Bradshaw, deceased, and the sureties on the official bond of said Bradshaw as county superintendent of education in and for said county of Sumter ; and prayed a settlement of said Bradshaw's accounts as county superintendent, the vacating and annulling of a settlement made by his administrator with the superintendent of education, on the ground of fraud and mistake, and for general relief. On final hearing, on pleadings and proof, the special chancellor held that, though the evidence showed fraud on the part of the administrator, in his settlement with the office of the superintendent of education, to which the superintendent himself was not a party, yet no case was presented for the interposition of a court of equity, as the remedy at law was adequate and complete. He therefore dismissed the bill, and his decree is now assigned as error.

R. H. SMITH, and THOS. COBBS, for appellant, cited *Norton*

v. *Hixon*, 25 Illinois, 452 ; *Hay v. Marshall*, 3 Humph. 623 ; *McRea v. Purmort*, 16 Wendell, 460 ; *Fowle v. Lawrason*, 5 Peters, 503 ; *Farmers' Bank v. Polk*, 1 Del. Ch. 167 ; *Davis v. Davis*, 1 Del. Ch. 256 ; Story's Equity, §§ 442-44, 451, 457, 465 ; Adams' Equity, § 224 ; 1 Perry on Trusts, 32, 43.

ᵀᵀCOOK & LITTLE, *contra*, cited *Knotts v. Tarver*, 8 Ala. 743 ; *Russell v. Little*, 28 Ala. 160.; *Kimball v. Moody*, 27 Ala. 131 ; *Dickinson v. Lewis*, 34 Ala. 638.

STONE, J.—All officers, having the control and disbursement of moneys, are, as to such moneys, charged with a trust.. They do not hold the moneys in their own right, but in trust for others, either the public, or individuals. But these official trusts are not of the class which we are accustomed to characterize as private or personal trusts. Officers thus charged have their duties defined by law, and they are bound by bond and sureties for the faithful observance of those duties. Sheriffs, probate judges, tax-collectors, and treasurers of counties, cities or towns, are among the officers to whom trusts of this nature are confided. These are public trusts. But bonded public officers, charged with the collection, custody and disbursement of moneys, public or private, and whose duties are hedged about by a complete system of legal directions and restraints, do not fall within that class of trustees who can be brought to account and settlement of their trusts in a court of equity, unless some special equity can be averred and shown.

The bill charged that Bradshaw, as county superintendent of Sumter county, had received divers sums of school funds, "amounting in the aggregate to forty-one thousand four hundred and eight dollars and thirty-nine cents, and he and his administrators have only accounted for thirty-nine thousand and nineteen dollars and thirty-six cents." The bill then makes an exhibit of account made out against the superintendent, setting forth the several sums received by him, and the disbursements for each year, and showing a balance unaccounted for of $10,019.66. The bill then charges, that Bradshaw's administrator had a pretended settlement of his intestate's official accounts, in the office of superintendent of public instruction; and that in that pretended settlement he fraudulently procured to have allowed as credits a large number of vouchers amounting to $3,308.50 of the fund of 1866 ; $4,903.62 of the fund of 1867, and $1,700.22, other miscellaneous vouchers. The bill then proceeds : "Your orator is not fully informed how this great fraud was accomplished, but says it was done either by imposition by said

administrator on the officers with whom the settlement was made, or by collusion between said officers and said administrator, in some manner unknown to your orator. Said administrator of Rodert Bradshaw obtained possession of said vouchers, which had been allowed in previous settlements of said Robert Bradshaw's accounts as superintendent as aforesaid, and, producing them, had them again allowed as credits, and thus had fraudulently obtained credit for $9,912.-46; which sum, with interest, said Robert Bradshaw, nor his administrator has accounted for, and for which his said bonds are liable, as well as for such other sum as shall make up said sum of $10,019.60, besides interest on said moneys. Your orator shows that, either through the fraudulent concealment of the officers of the State with whom the settlement was made, or through their ignorance that said vouchers reproduced and allowed were fraudulent, your orator was wholly ignorant that the settlement was false and untrue, until about December 14, 1873," &c. The foregoing are substantially all the averments of the bill, tending to bring it within the jurisdiction of the Chancery Court. The bill was filed in March, 1875; and the foot-note dispenses with sworn answers, and thus shows that the bill was not filed for a discovery.

The grounds relied on in support of the jurisdiction are, first, that the funds in the hands of Bradshaw, the superintendent, were a trust fund, and it is part of the original jurisdiction of the Courts of Chancery to bring trustees to account and settlement. We have shown above that this is not such trust as comes within that rule. The second ground is the alleged fraud in the pretended settlement. Fraud is as open to inquiry and condemnation in a court of law, as it is in a court of equity. "No matter how great the fraud may be, if the party can have full, complete and adequate redress at law, he can not go into a court of equity."—*Knott v. Tarver,* 8 Ala. 743. The third ground is, that the accounts are complicated and difficult of settlement, and therefore the Court of Chancery is alone capable of disentangling it. This, in a proper case, is an acknowledged head of equity jurisdiction. "But, where the bill contained no allegation of any complexity in the accounts, or any mutuality, so that it was mere matter of ordinary contract, it was not entertained."—Story's Eq. Ju. § 442 a.

In *Dickinson v. Lewis,* 34 Ala. 638, this court laid down a rule, which we think entirely sound. It was there said: "There was nothing more than an account on one side, with credits for payments made. Of such an account, chancery has not original and independent jurisdiction. There was a

242 SUPREME COURT [Dec. Term,

plain, adequate, and complete remedy at law for the enforcement of his demand by the creditor, and for the assertion by way of defense of all his rights by the debtor. It is true that chancery sometimes takes jurisdiction where there is no mutuality, on account of its complication; but it only does so, where there is a strong case of entanglement. This account, certainly does not present that strong case of entanglement, or complication, which is necessary to maintain the equity jurisdiction." The bill in the case from which we have quoted was filed to open a settlement previously made, and closed by note, on account of alleged overcharges in the account by which the indebtedness was made to appear too large. Still, this court refused to entertain the bill, because there was a complete and adequate remedy at law, in defense to the notes. See, also, *Paulling v. Lee,* 20 Ala. 753, 768; *Russell v. Little,* 28 Ala. 160; *Crothers v. Lee,* 29 Ala. 337. And the authorities cited from other States and jurisdictions are not materially variant from the rule as declared in this court. In *Fowle v. Lawrason,* 5 Pet. 495, 503, Ch. J. Marshall, speaking on this subject, said: "Great complexity ought to exist in the accounts, or some difficulty at law should interpose, some discovery should be required, in order to induce a court of chancery to exercise jurisdiction." So, in 1 Del. Ch. 167, 175, the court said: "These transactions are so complicated, so long and intricate, that it is impossible for a jury to examine them with accuracy." They were the accounts of a bank cashier. *Farmers' & Mech. Bank v. Polk.* Of similar import is *Hay v. Marshall,* 3 Humph. 623.

We have been referred to the case of *Norton v. Hixon,* 25 Ill. 439. That case comes nearer sustaining this bill than any case we have seen. But it rests on a false analogy. It was a proceeding against a sheriff, to make him account for moneys which had come to him by virtue of his office of sheriff. The court entertained jurisdiction, remarking: "There are many cases where executors and administrators have been held answerable in equity, at the suit of creditors and legatees, for misapplication of assets, although the complainant had a perfect remedy at law on the official bond of the defendant. The same jurisdiction seems always to have been exercised over assignees in bankruptcy, where the law also afforded the same remedy. In such cases as these, no doubt seems to have been entertained of the jurisdiction of the court to afford the appropriate remedy. Here is as much a violation of a trust as in those cases." The vice of this argument lies in the fact, that while the sheriff is an acknowledged public officer, serving the public, executors,

[Posey v. Pressley.]

administrators, guardians, and assignees in bankruptcy, are in no sense officers, and are merely clothed with a trust. Chancery has always entertained jurisdiction of trusts and trustees proper.—*Davis v. Davis*, 1 Del. Chan. 256; *McRea v. Purmort*, 16 Wend. 460; *Crompton v. Vasser*, 16 Ala. 259; *Vincent v. Rogers*, 30 Ala. 471; *Whitworth v. Oliver*, 39 Ala. 286; 1 Brick. Dig. 647, § 120.

We concur with the special chancellor, who presided in the trial of this cause, and hold that the complainant had a complete and adequate remedy at law, and the present record shows no special equity to take the case out of the operation of the general rule.

The decree is affirmed.