85  313
93  279

# Sumter County *v.* Mitchell.

*Bill in Equity by County, against Tax-Collector and County Treasurer, and Sureties on their Official Bonds, for Account.*

1. *Multifariousness; confusion and complication of accounts between defendants as public officers.*—A bill in equity in the name of the county against the tax-collector and the sureties on his official bond, and the county treasurer and his sureties, which seeks a money decree against the former for an alleged default, and as against the latter, whose term of office has not expired, a decree ascertaining the amount of money which ought to have been in the county treasury on a named day, when the accounts of the two officers were examined by a committee legally appointed for the purpose, so as to make the statement conclusive on him and his sureties in any subsequent action on his bond, is multifarious, unless facts are stated which render the joinder of the two distinct demands necessary to enable the court to take cognizance and grant complete relief; and the allegation of confusion and complication of accounts as between the two officers, growing out of the fact that their official transactions with each other were not regularly conducted, and their private and official dealings were commingled, resulting in a dispute between them as to their respective liability for a large sum due the county, does not give equity to the bill: nor can it be maintained as in the nature of a bill of interpleader; nor because of the danger that, in separate actions at law, before different juries, and on different evidence, the county may not be able to establish the entire defalcation of the two officers.

APPEAL from the Chancery Court of Sumter.

Heard before the Hon. THOS. W. COLEMAN.

The bill in this case was filed on the 8th February, 1887, in the name of Sumter County, against Thomas M. Brunson and David W. Mitchell, with the sureties on their official bonds as tax-collector and county treasurer respectively; and prayed relief as follows: "That the said Mitchell and Brunson each discover under oath what, if any, of the funds in his hands in his official capacity he has used, loaned out, converted, or permitted to be used, loaned, or converted by others, with the respective amounts and dates, as well as what amounts and when he has derived any benefit from in his individual business; or what amounts, if any, and when, have been used by others, without his permission or assent; that they produce before the register of this court such books, papers and memoranda as they may have, pertaining to their respective offices, under such rules and regulations

as to the court may seem meet, so as not to interfere with the public interests on the one hand, and to enlighten the court on the other; that they be required to state an account each of his dealings with the other, respecting the county funds; that their accounts, when thus stated, with all proper credits and debits, may be compared, and the points of difference and disputes be settled between them by adjudication of this court, under such rules and conditions as may be prescribed; that such accounts and claims of each be stated, and appended to their respective answers to this bill, and be made complete up to the filing thereof; that the court take cognizance of the matters of difference between them, and they both be required to appear before the register, and by contest before him with each other, or in such other way as to the court may seem meet, their several matters of difference be finally adjusted, and the entire sum due to complainant be divided between them according to such adjudication; that each of said parties, collector and treasurer, be charged with all proper interest in his individual account, to be stated against each; that it be decreed what amount should have been in the county treasury on the 10th January, 1887, as a charge against the said treasurer at that time, and that he be charged with interest, or damages, as to the court may seem meet, from that time; that each party discover under oath the amounts paid by the collector to the treasurer, with the dates and purposes, and that the treasurer state under oath how the same was applied, and for what year or years, according to the entry on his books at that time made; that the said Brunson discover under oath what sums of money collected by him have been applied to deficits of previous years, stating year by year the amounts so applied to preceding deficiencies, giving dates with accuracy; that he state what moneys he now has in hand in actual cash, derived from taxes, and for what years; that he also discover what portion of the taxes for the year 1886 have been paid; that decrees be rendered, not only against said treasurer and collector, but also against their said several sureties on their official bonds; that the amount of the total default of said Brunson, by statement of account, or such other manner as to the court may seem meet, be so divided in amount, and according to the proper liability under each of his said bonds, as to make the bondsmen on each responsible only for the amount for which the said bond is liable, save as to those parties who executed both bonds, and that they may be held

[Sumter County v. Mitchell.]

liable for the whole deficit for which said Brunson is charge-
able, with interest, or damages; that complainant have
execution against said Brunson and his sureties, for whatever
amount may be decreed against them; that he and they be
enjoined, during the pendency of this suit, from selling or
otherwise disposing of their property, against the lien
created by the tax-collector's bond; that the decree against
the said Mitchell for his default, on ascertaining the amount
for which he is chargeable, including interest and damages,
be also made to embrace his said sureties on his official
bond, so as to fix a definite sum with which he is chargeable,
and to compel him to account therefor, as well as for future
receipts; that, to this end, such restraining and mandatory
orders be made, as shall procure submission to the adjudica-
tion of this court, and the preservation intact of complainant's
demand; that if, before the final adjudication of this case,
his term of office shall expire by lapse of time, or from any
other cause, complainant may have execution against him
and his said sureties, for the amount to which complainant
may be entitled under the order of the court;" and for other
and further relief, under the general prayer.

Demurrers were interposed to the bill, by Mitchell and
his sureties, and by Brunson and his sureties, for want of
equity, for multifariousness, for misjoinder of defendants,
and on other grounds.    The chancellor sustained the demur-
rers, and his decree is now assigned as error.

T. B. & R. P. WETMORE, and R. C. CHAPMAN, for appel-
lant.—The original bill shows flagrant violations of official
duty by both the collector and the treasurer, by their joint
and concurrent criminal acts and omissions, in numerous
particulars:    (1) monthly statements were neither required
nor made, from the collector to the treasurer; (2) annual
settlements were not made between them; (3) there was no
comparison of reports with assessments as required, thereby
ascertaining the fidelity of the collector; (4) as a necessary
result, the treasurer's books are not kept according to law;
(5) no effort is made by the treasurer to enforce payment
from the collector; (6) payments by the collector were made
in gross, by remittance, by express, by taking due-bills, or
in other irregular ways, not distinguishing the particular
taxes, or the year to which the payments were to be applied;
(7) when the collector was in default to the State, the treas-
urer handed over to him the money of the county to hide

[Sumter County v. Mitchell.]

the default; (8) their official and individual financial affairs and dealing were mingled together indiscriminately; (9) payments by the collector to the treasurer were, for a series of years, applied to the deficiencies of preceding years, without separation or identification of items; and the amended bill alleges that, for a great portion of the time, the treasurer acted as the agent or deputy of the collector, thus representing both offices. From this community of wrong has resulted the confusion and complication of accounts, on account of which the bill seeks relief, praying (1) that an account be stated; (2) that a discovery be made; (3) that the production of books and papers be enforced; (4) that the parties settle their matters of difference between themselves, without expense to the county; and (5) a decree against the treasurer and his sureties, for the amount which should have been in the county treasury on the day the examination was made by the commissioners, with interest and damages, as fixing the amount of their liability, but without execution. It is apparent that the county has no remedy at law against either or both of these defaulting officers, and the difficulty has arisen from their own official misconduct. If the complication of accounts could be unravelled in a court of law, the case of each officer would come before a different jury, and depend upon different evidence. A court of equity alone can grant adequate and full relief, and neither defendant can complain that he is joined in a suit with the other, when the joinder has been rendered necessary by his own misconduct. The jurisdiction of the court is invoked, on the grounds (1) of inadequacy of legal remedies; (2) the necessity for a discovery and the production of books and papers; (3) confusion and complication of accounts; (4) interpleader between the principal defendants, or other analogous proceeding.—1 Pomeroy's Equity, §§ 109–12; *Horton v. Sledge,* 29 Ala. 495; *Lott v. Mobile County,* 79 Ala. 69; *Boyd v. Hunter,* 44 Ala. 705; *Russell v. Boyd,* 7 Ala. 282; *Life Insurance Co. v. Stone,* 52 Ala. 589; *Kingsbury v. Flowers,* 65 Ala. 479; *Bolman v. Lobman,* 74 Ala. 507; *Donelson v. Posey,* 13 Ala. 752; *Lee v. Lee,* 55 Ala. 590; *Gusdorf v. Ikelheimer,* 75 Ala. 148; *Winter v. Montgomery,* 79 Ala. 481; *Dallas County v. Timberlake,* 54 Ala. 403.

GEO. G. LYON, and A. G. SMITH, *contra.*—(1.) The bill is wanting in equity, because the complainant has an adequate remedy at law by action on the official bonds of the collector

and treasurer —*State v. Houston*, 78 Ala. 576; *State v. Bradshaw*, 60 Ala. 239; 65 N. C. 574; 6 Beav. 165; 34 Ala 638. (2.) There is, in fact, no complication in the accounts of the two officers, such as a jury can not adjust, though there is a general averment of such complication. The exhibit contains ample data to fix the default of each officer; and if different juries should hold each liable for some of the same items, the county can not complain of this. (3.) The bill can not be sustained on the ground of discovery.—*Sullivan v. Lawler*, 72 Ala. 72; *Shackleford v. Bankhead*, 72 Ala. 476; *Russell v. Garrett*, 75 Ala. 349. (4.) Nor can it be sustained as a bill of interpleader.—2 Barb. Ch. Prac. 118; Dan. Ch. Pr. 1561; 1 Cow. 691. (5.) The bill is multifarious.—*Halstead v. Shepard*, 23 Ala. 569; *Durden & Williams v. Swoope*, 47 Ala. 273; *Lehman v. Meyer*, 67 Ala. 405; Story's Eq. Pl. §§ 271, 530; 1 Dan. Ch. Pr. 374, note.

CLOPTON, J.—Appellant takes the appeal from a decree of the chancellor sustaining a demurrer to the bill, which is brought on behalf of Sumter county against the tax-collector and the treasurer, and the sureties on their several official bonds. It alleges that the defendant Brunson was elected tax-collector in 1880, re-elected in 1884, and after each election, before entering on the duties of his office, executed bond as required by law; and that D. W. Mitchell was elected treasurer of the county in 1884, and gave bond for the discharge of the duties of his office. It further alleges that the collector has been in default, during both his terms of office, and that each of the officers is in default several thousand dollars, the aggregate sum exceeding $12,000; but, on account of the manner in which they have dealt with and managed the county taxes, it is impracticable to ascertain the amount with which each should be charged. The leading purposes of the bill are, to compel the collector to settle his accounts, and the collector and treasurer to take proceedings to settle their accounts between themselves—in the nature of interpleader—so that the court may determine and adjudicate the sum for which each is liable.

The bill properly concedes, that the treasurer being the law-appointed and exclusive custodian of the money of the county, a suit at law or in equity can not be commenced by the county, and a money judgment or decree recovered against him and his sureties, until the expiration of his term of office, by limitation, removal, resignation, or death. While,

therefore, a money decree is sought against the collector and his sureties, no such decree is asked against the treasurer and his sureties, but only that the court ascertain and establish the amount which should have been in the county treasury on a specified day, being the day on which the committee, appointed by the court of county commissioners, reported the condition of the books of the collector and treasurer. It is manifest that there is a joinder of distinct suits against two public officers, who have given bonds for the performance of their duties, between whom there exists no official nor legal connection, except that one is the collector of the taxes, and the other is the custodian and disburser of the funds of the county—a joinder of distinct claims against several defendants, which renders the bill multifarious, unless they are so connected by extraneous facts as to constitute their conjunction necessary to complainant's equity, and to complete relief.

Courts of equity possess what is called auxiliary jurisdiction, which is exercised, not to grant relief, but to aid in the prosecution and maintenance of legal rights in actions at law, pending or to be brought—suits for discovery proper, or for the perpetuation of testimony. Complainant, however, does not invoke the exercise of this jurisdiction. In suits of these classes, when the discovery is obtained, or the testimony procured, the function of the court ceases, and no decree is made. The discovery or testimony is merely preserved, and may or may not be used in the action at law. The court does not, and can not, find and establish the facts discovered or proved, so as to make them conclusive on the parties. In the present case, the complainant prays for relief, and that a decree be made fixing and establishing the amount with which the treasurer should be charged, so as to make it conclusive proof thereof in a subsequent suit on his official bond, if such suit should become necessary. This, the court is without power or jurisdiction to do. Besides, the bill is not framed as one for discovery, in its technical and proper acceptation. It does not make a case of equitable cognizance against the treasurer and his sureties.

The statutory declaration is, the powers and jurisdiction of courts of chancery extend "to all civil causes, in which a plain and adequate remedy is not provided in the other judicial tribunals;" which is regarded as an affirmation of the pre-existing rule, that courts of equity will not take jurisdiction when the rights of the parties litigant are wholly

[Sumter County v. Mitchell.]

legal, if there is a plain, adequate, and complete remedy at law. Suits will not ordinarily be entertained, the sole object of which is to recover damages for the breaches of bonds, official or other. In such cases, adequate legal remedies are afforded by an ordinary action at law, or by summary proceedings. There must be some independent equity, such as the enforcement of a lien, the vacation and removal of fraudulent conveyances, the suppression of evidence necessary to correct information of the true state of accounts, or some other special ground of equitable interference. The following cases may be cited as illustrative of the rule, and its application, in each of which the general equity of the bill was maintained, on the ground that a subject-matter properly within the jurisdiction of a court of chancery was involved: *County of Dallas v. Timberlake*, 54 Ala. 403; *Lott v. Mobile County*, 79 Ala. 69; *Scheussler v. Dudley*, 80 Ala. 547. In every case where the suit has been entertained, there existed some special ground of equity, which took it out of the operation of the general rule. This principle was expressly decided in *State v. Bradshaw*, 60 Ala. 239. A bill was there filed in the name of the State, for the use of Sumter county, against the administrator of the deceased county superintendent of education, and the sureties on his official bond, to compel the settlement of his accounts, and to vacate a settlement made by the administrator in the office of the superintendent of public instruction, in which he had obtained, by fraud or collusion, credits for vouchers which had been used and allowed in former settlements. It was held, that a court of equity will not entertain a bill against a public officer, who has given bond for the performance of his duties, to compel a settlement of his accounts, or for the correction of errors in a settlement made with a proper officer; on the ground that he is a trustee, or on the ground of fraud, or of complicated accounts, unless there is a strong case of entanglement.

Appellant does not controvert, that an independent equity is essential, but insists, that the case made by the bill involves a subject-matter within the jurisdiction of a court of equity. The contention is founded on the proposition, that the collector and treasurer are trustees of the same fund, and agents of a common principal, who have neglected their official duties, and mismanaged the business of their respective offices; payments having been made by taking due-bills, or in other irregular ways, or by remittance in gross,

without specifying the year to which they should be applied; the deficiencies in preceding years having, for a series of years, been covered by the application of taxes collected for the current year; and by having mingled their private financial transactions with each other with the management of the money of the county, from which confusion and complication in accounts resulted; and that now they differ and dispute as to the true state of the accounts—each claiming that large sums are chargeable to the other for which he is not liable. In *State v. Bradshaw, supra*, it is said, that "bonded public officers, charged with the collection, custody and disbursement of moneys, public and private, and whose duties are hedged about by a complete system of legal directions and restraints, do not fall within that class of trustees who can be brought to account and settlement in a court of equity, unless some special equity can be averred and shown." And the mere relation of principal and agent does not enable the principal to maintain a suit in equity for accounting, when it is really not fiduciary in its nature, and no obstacle to a recovery at law intervenes.—*Crothers v. Lee*, 29 Ala. 337.

It is contended that, though the bill may not make a case cognizable in equity against the collector and treasurer singly, the suit is maintainable against them and their respective sureties jointly, on account of the danger that complainant will not be able to recover all to which the county is entitled from both, or either, if driven to separate actions at law, where the matter would be submitted to different juries, on probably different evidence; such danger arising from their conflicting claims as to certain payments and credits, and the complication of accounts as between themselves, which warrants equitable interposition to compel them to litigate with each other, and to settle the portion of the aggregate defalcation for which each is responsible. Neither the inability to make proof, nor its uncertainty, affects the adequacy of the legal remedy; and it may be remarked, that the entanglement of accounts which authorizes the interference of equity, is a complication between the complainant and the defendant, and not between co-defendants, against whom distinct claims are prosecuted, though both may be agents of the principal. Independent of this consideration, the bill does not make a case of complicated accounts. The evidence is readily attainable to show the amount with which each officer should be charged, and the

burden is on him to show that he has properly accounted for or disbursed the same.  The report of the committee, appointed by the court of county commissioners, which is made an exhibit to the bill, shows that there is no confusion in the books of either officer, and that the only contention between them is, that the collector asserts that the treasurer has not credited him on his books with certain payments made him, and the treasurer asserts that he has given him credit for the same.  Such is not a case of entanglement of accounts, of which a court of chancery will take jurisdiction.—*Dickinson v. Lewis*, 34 Ala. 638.

It is further insisted, that though the bill does not contain the essential elements of a bill of interpleader proper, it should be maintained on analogous principles, as in the nature of a bill of interpleader; and the doctrine is invoked, that old equitable remedies will be modified, or new ones invented, if necessary, to meet the emergencies of the case. Though the remedial powers of equity are so broad and flexible as that it is difficult to limit the remedies which it can grant, they are not so flexible and expansive as to extend, by the modification or invention of mere remedies, the jurisdiction of chancery to cases of which it did not previously have original and independent jurisdiction.  The remedies may be broad and flexible, but the jurisdiction is defined and limited by settled rules.

Affirmed.