## MERCHANTS' NAT. BANK OF MOBILE v. ROCHE.

### I Div. 793.

Supreme Court of Alabama.

Dec. 21, 1933.

640

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellant.

Gordon, Edington & Leigh, of Mobile, for appellee.

BROWN, Justice (after stating the case).

It is perfectly clear, from the recitals and provisions of the contract, that its purpose and effect was to confer on Milling the power of control of the corporation in the conduct of its business to the end of improving and rehabilitating its business, and if instead of using this power to that end, he fraudulently used it to wreck and destroy the business, this constituted a breach of the contract, conferring on the complainant a right of action which he could enforce in an action at law, and the measure of his damages would be the value of the stock fixed by the contract. That is the only relief he seeks in this case, and under the circumstances disclosed by the averments of the bill, the only relief that could be granted, if the bill brings the case within the jurisdiction of a court of equity, is a decree for such value as damages.

Under the rule established by the courts of England, fraud is always a distinctive ground authorizing courts of equity to assume jurisdiction, except the cancellation of fraudulent wills. 2 Pom. Eq. Jurisprudence, §§ 912, 913. But what is termed "the present American doctrine" obtains in this state, and under this doctrine courts of equity are not authorized to administer mere legal remedies, where the remedy at law is adequate and complete, unless some other distinctive ground of equity jurisdiction is shown. This results from the fact that the jurisdiction of courts of equity in such cases is restricted by statute to cases where the complainant has not an adequate remedy at law. 2 Pom. Eq. Jurisprudence, § 914; Hunt v. Jones, 203 Ala. 541, 84 So. 718;

Sumter County v. Mitchell, 85 Ala. 313-319, 4 So. 705; Nicolopoolos v. Donovan et al., 221 Ala. 16-18, 127 So. 543.

As a general rule, courts of equity will not assume jurisdiction where the only relief sought is the recovery of money. "Even when the cause of action, based upon a legal right, does involve or present, or is connected with, some particular feature or incident of the same kind as those over which the concurrent jurisdiction ordinarily extends, such as fraud, accounting, and the like, still if the legal remedy by action and pecuniary judgment for debt or damages would be complete, sufficient, and certain—that is, would do full justice to the litigant parties—in the particular case, the concurrent jurisdiction of equity does not extend to such case." 1 Pom. Eq. Jurisprudence (4th Ed.) pp. 230, 231; Gulf Compress Co. v. Harris, Cortner & Co., 158 Ala. 343, 351, 48 So. 477, 24 L. R. A. (N. S.) 399; Sumter County v. Mitchell, supra; Wynn, as Administrator, v. Tallapoosa County Bank, 168 Ala. 497, 53 So. 228; Jewett v. Bowman and Dringer, 29 N. J. Eq. 174; Badger v. McNamara, 123 Mass. 117; Appeal of Passyunk Building Association et al., 83 Pa. 441; Santacruz v. Santacruz, 44 Miss. 714, 720.

Our judgment is that the bill does not present a case for equitable interposition, and the court erred in overruling the demurrer.

Appellee suggests that if this court should hold that the bill is without equity, an order should be entered under the statute (Code 1923, § 6486) transferring the case to the law docket. This is a matter that should be addressed to the trial court.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.