168 So. 875

## NOLEN et al. v. PARKER et al.

### 8 Div. 728.

Supreme Court of Alabama.

June 4, 1936.

Bradshaw & Barnett, of Florence, for appellants.

470

A. A. Williams, of Florence, for appellees.

BROWN, Justice.

■ Though it be conceded that the acts of the defendants, Nolen and Brown, alleged in the bill, were a breach of the contract or a breach of a duty growing out of such contract, entitling complainants to sue at law, nevertheless such action would not afford such adequate and complete remedy as to deny them the right to invoke the aid of a court of equity for an accounting, and if said mortgage debts have been paid, a restoration to them of their stock in said corporation which would give them the right and power of control of the corporation and its business. Not only this, they are entitled to have the property, assets, and business of the corporation of which it has been deprived in consequence of the breach of the trust, restored to it.

In Merchants' Nat. Bank of Mobile v. Roche, 227 Ala. 639, 151 So. 591, it appeared that the complainants had sold their stock to one of the stockholders to whom control had been surrendered for the purpose of rehabilitation of the business, and that through the fraud and negligence of said stockholder to whom control was surrendered, the business of the corporation had been destroyed and all of its assets had been dissipated, and therefore an action at law to recover the contract price of the stock afforded complainants in that case an adequate and complete remedy.

■ In the case at bar, the complainants are the equitable owners of the stock, and are the cestui que trust. If the mortgage debts have not been paid out of the proceeds of the business through the fraud or defalcation of the defendants, the complainants are entitled to have them account for so much of the trust fund as they have converted or dissipated. If sufficient of the trust fund is not discovered to pay said mortgages, then complainants, upon payment of said debts, are entitled to have their stock, the control of the corporation, and its business restored to them.

■ In any event, they are entitled to have the sale of the corporate assets and business vacated, and said assets restored to the corporation, and to this end the corporation is a necessary party to the proceedings. The usual practice is to make it a party defendant. Gillespie et al. v. Gibbs et al., 147 Ala. 449, 41 So. 868; Gettinger et al. v. Heaney, 220 Ala. 613, 127 So. 195.

While the last-cited case is not strictly analogous, the principle is the same.

■ No duty rested upon the complainants to apply to the defaulting trustees for a correction of the alleged wrong before invoking the aid of a court of equity, as it appears that any such application would have been useless and futile. However, the complainants should offer to do equity; that is, pay any balance due on said mortgages, if they have not already been discharged.

In the absence of the corporation as a party to the record, so that the court could restore to it its property, the bill was demurrable, and for the error of the court in overruling the twelfth ground of the demurrer, the decree of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.