128 So.2d 503

Edmon L. RINEHART, Superintendent of
Insurance,

v.

RELIANCE LIFE INSURANCE COMPANY
OF GEORGIA.

3 Div. 930.

Supreme Court of Alabama.

March 30, 1961.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for appellant.

Truman Hobbs, Euel A. Screws, Jr., and Godbold, Hobbs & Copeland, Montgomery, for appellee.

LAWSON, Justice.

Reliance Life Insurance Company of Georgia, a foreign corporation, instituted this proceeding in the Circuit Court of Montgomery County, in Equity, against Edmon L. Rinehart as Superintendent of Insurance to recover certain taxes which it had paid under protest.

94

The respondent Rinehart filed his demurrer. It was overruled. Rinehart has appealed from that decree.

■ The equity court had no jurisdiction of the subject matter.

■ The remedy for refund of taxes illegally exacted of a taxpayer is prescribed by §§ 890 and 891, Title 51, Code 1940, as amended.

That remedy is at law. Glass v. Prudential Ins. Co. of America, 246 Ala. 579, 22 So.2d 13, decided in 1945.

In the Glass Case, Prudential filed a petition for declaratory judgment on the equity side of the court against Glass to recover taxes paid under protest. We held that Prudential could not maintain that action because it had a plain and adequate remedy at law under §§ 890 and 891, Title 51, Code 1940, as amended, and that resort could not be had to declaratory judgment statutes if adequate relief and appropriate remedy are presently available to complainant through the means of other existing forms of action or proceedings. Exceptions not here pertinent were noted.

By the 1947 amendment (Act 604, approved October 9, 1947, General Acts 1947, p. 444) to § 167, Title 7, Code 1940, the legislature has provided that the remedy by declaratory judgment shall not be construed by any court as an unusual or extraordinary one, but shall be construed to be an alternative or cumulative remedy.

■ But the 1947 amendment, supra, does not operate to confer upon an equity court jurisdiction of subject matter which it had not possessed theretofore. Love v. Rennie, 254 Ala. 382, 48 So.2d 458; Wolff v. Woodruff, 258 Ala. 1, 61 So.2d 69.

■ Under the 1947 amendment the taxpayer can proceed in a declaratory judgment proceeding to have determined his rights to a refund of taxes paid under protest, but he must proceed in a court of law.

So even if we treat the bill in this case as seeking only declaratory relief, we must conclude that it is without equity.

■ As we have indicated, we are confronted with the question of jurisdiction of a court of equity over the subject matter of the litigation, the refund of taxes paid under protest. It is of no consequence that the parties have not stressed the point and invite the court to consider the case on what they consider to be its merits. The question of jurisdiction is always fundamental and is a question of primary importance in every case, and if there is an absence of jurisdiction over the subject matter, this ends the inquiry; it cannot be waived or supplied by consent. Wilkinson v. Henry, 221 Ala. 254, 128 So. 362, 70 A.L.R. 712.

In view of what has been said above, we hold that the equity court was without jurisdiction and, hence, the demurrer of respondents taking the point that the bill was without equity should have been sustained. Love v. Rennie, supra.

■ The decree is reversed and the cause is remanded. As to whether the cause should be transferred to the law side of the court is a matter that should be addressed to the trial court. Section 149, Title 13, Code 1940; Merchants' Nat. Bank of Mobile v. Roche, 227 Ala. 639, 151 So. 591.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.