237 So.2d 503

**Martha Ruth WHATLEY, alias Martha Lewis, Appellant and Cross-Appellee,**

v.

**Mavis LEWIS, Individually and as Mother and Natural Guardian of Sandra Lewis and Ellis E. Lewis, Jr., Minor Children of E. E. Lewis, deceased,**

**Sandra Lewis, a Minor, Ellis E. Lewis, Jr., a Minor, the Aetna Casualty & Surety Company, a Corporation, and Capitol Chevrolet, Inc., a Corporation, Appellees and Cross-Appellants.**

3 Div. 14, 14–A.

Court of Civil Appeals of Alabama.

June 24, 1970.

Bishop N. Barron, Montgomery, for appellant.

Warren S. Reese, Jr., Montgomery, for appellees.

THAGARD, Presiding Judge.

This suit originated with the filing of a bill of complaint in the Circuit Court of Montgomery County, in Equity, by The

Aetna Casualty and Surety Co. and Capitol Chevrolet, Inc.

The bill alleges that one E. E. Lewis, an employee of Capitol Chevrolet, Inc., died on January 5, 1969, from injuries incurred in an accident while acting in the course of his employment. It further alleges that Aetna is the insurance carrier of Capitol Chevrolet, that benefits are due under the workmen's compensation laws of Alabama to the dependents of the decedent, and that there is a dispute among the respondents to the bill as to what respondents were dependents within the contemplation of the workmen's compensation act, and the bill specifically refers to and invokes the provisions of Title 26, § 297, 1940 Code of Alabama, as amended.

The circuit court, in equity, heard the testimony ore tenus and rendered a final decree. From the final decree Respondent Martha Ruth Whatley prosecutes this appeal and Respondents Mavis Lewis, Sandra Lewis, and Ellis E. Lewis, Jr., cross-appeal.

We are confronted at the very threshold of the case with the question of whether courts of equity have jurisdiction in workmen's compensation cases, even when the complainant admits liability and simply seeks a judicial ascertainment as to the persons entitled to benefits. The question of jurisdiction was not raised in the court below, and all parties seem to have acquiesced in the jurisdiction and apparently are willing to waive the point in this court. However, we are confronted with the uniform holdings of the Supreme Court of Alabama that lack of jurisdiction of the subject matter cannot be waived.

In Woolf v. McGaugh, 175 Ala. 299, 306, 307, 57 So. 754, 756, it was said:

"It has frequently been held, in suits at law, that when the court has no jurisdiction of the subject-matter in dispute,

such want of jurisdiction cannot be waived by appearance, plea, consent, or in any other manner, and a judgment rendered in such case in favor of the plaintiff will be void * * *"

In Norton v. Liddell, 280 Ala. 353, 356, 194 So.2d 514, 517, the court said:

"The question of jurisdiction was never raised in the proceedings below, not even in the motion for a new trial. It is raised for the first time on appeal.

"The question of jurisdiction is always fundamental, and if there is an absence of jurisdiction over either the person, or the subject matter, a court has no power to act, and jurisdiction over the subject matter cannot be created by waiver or consent. Rinehart, etc. v. Reliance Life Ins. Co. of Georgia, 272 Ala. 93, 128 So. 2d 503. Absence of jurisdiction over the subject matter ends all inquiry, and the matter may be raised on appeal."

The question of whether we should ex mero motu raise the question of the jurisdiction of the trial court of the subject matter in this case was decided by our Supreme Court in City of Huntsville v. Miller, 271 Ala. 687, 689, 127 So.2d 606, 608, 609, wherein the court said:

"We must consider, ex mero motu, questions of jurisdiction; and where a judgment appealed from is void for want of jurisdiction we have no alternative but to dismiss the appeal. Alabama Public Service Commission v. McGill, 260 Ala. 361, 362, 71 So.2d 12; Mitchell v. Hammond, 252 Ala. 81, 84, 39 So.2d 582; Craig v. Root, 247 Ala. 479, 484, 25 So. 2d 147; Freeman v. Swan, 22 Ala. 106, 115; Carter v. Hinkle, 13 Ala. 529, 533; Wyatt v. Judge, 7 Port. 37, 38–40; 5 C. J.S. Appeal and Error, §§ 1477, 1480, pp. 740, 747. From the early case of Wyatt v. Judge, supra, is the following:

"' * * * [W]e think the record shows that the Circuit court had no jurisdiction of the case. * * * It may

perhaps be thought, that inasmuch as this objection was not expressly made in the Circuit court, it should not be regarded here. We understand the law to be otherwise. It was the duty of the Circuit court [ex] mero motu to have repudiated the appeal * * * and it is certainly our duty to do what that court should have done. * * * [T]he want of jurisdiction was allowable in the appellate court, though not made below. * * * [W]ant of jurisdiction of the subject matter was determined not to be aided by a plea to the merits. And the true doctrine is, that consent, whether express or implied, cannot give jurisdiction. * * *' "

■ Having determined that it is our duty to decide whether the trial court had jurisdiction of the subject matter, we now proceed to that question, the answer to which, we think is found in Rinehart v. Reliance Life Insurance Co. of Georgia, 272 Ala. 93, 128 So.2d 503. In that case Reliance Life brought suit in the Circuit Court of Montgomery County, in Equity, against Rinehart, as Superintendent of Insurance, to recover certain taxes which it had paid under protest. Rinehart demurred. The demurrer was overruled. Rinehart appealed from that ruling. The Supreme Court said:

"The equity court had no jurisdiction of the subject matter.

"The remedy for refund of taxes illegally exacted of a taxpayer is prescribed by §§ 890 and 891, Title 51, Code 1940, as amended.

"That remedy is at law. Glass v. Prudential Ins. Co. of America, 246 Ala. 579, 22 So.2d 13, decided in 1945.

"In the Glass Case, Prudential filed a petition for declaratory judgment on the equity side of the court against Glass to recover taxes paid under protest. We held that Prudential could not maintain that action because it had a plain and adequate remedy at law under §§ 890 and 891, Title 51, Code 1940, as amended, and that resort could not be had to declaratory judgment statutes if adequate relief and appropriate remedy are presently available to complainant through the means of other existing forms of action or proceedings. Exceptions not here pertinent were noted.

"By the 1947 amendment (Act 604, approved October 9, 1947, General Acts 1947, p. 444) to § 167, Title 7, Code 1940, the legislature has provided that the remedy by declaratory judgment shall not be construed by any court as an unusual or extraordinary one, but shall be construed to be an alternative or cumulative remedy.

"But the 1947 amendment, supra, does not operate to confer upon an equity court jurisdiction of subject matter which it had not possessed theretofore. Love v. Rennie, 254 Ala. 382, 48 So.2d 458; Wolff v. Woodruff, 258 Ala. 1, 61 So.2d 69.

"Under the 1947 amendment the taxpayer can proceed in a declaratory judgment proceeding to have determined his rights to a refund of taxes paid under protest, but he must proceed in a court of law.

"So even if we treat the bill in this case as seeking only declaratory relief, we must conclude that it is without equity.

"As we have indicated, we are confronted with the question of jurisdiction of a court of equity over the subject matter of the litigation, the refund of taxes paid under protest. It is of no consequence that the parties have not stressed the point and invite the court to consider the case on what they consider to be its merits. The question of jurisdiction is always fundamental and is a question of primary importance in every

case, and if there is an absence of jurisdiction over the subject matter, this ends the inquiry; it cannot be waived or supplied by consent. Wilkinson v. Henry, 221 Ala. 254, 128 So. 362, 70 A.L.R. 712.

"In view of what has been said above, we hold that the equity court was without jurisdiction and, hence, the demurrer of respondents taking the point that the bill was without equity should have been sustained. Love v. Rennie, supra.

"The decree is reversed and the cause is remanded. As to whether the cause should be transferred to the law side of the court is a matter that should be addressed to the trial court. Section 149, Title 13, Code 1940; Merchants' Nat. Bank of Mobile v. Roche, 227 Ala. 639, 151 So. 591." (272 Ala. at page 94, 128 So.2d at page 504.)

We now quote the pertinent parts of Title 26, § 297, 1940 Code of Alabama, as amended, supra, referred to and invoked by the bill:

"§ 297 * * * Controversy submitted to circuit court; jury trial; appeal, etc.—*A. Controversy submitted to circuit court.* In case of a dispute between employer and employee or between the dependents of a deceased employee and his employer with respect to the right to compensation under articles 1 and 2 of this chapter, or the amount thereof, *either party may submit the controversy to the circuit court of the county which would have jurisdiction of a civil case in tort between the same parties. Such controversy shall be heard and determined by such judge or judges of said court as would hear and determine a civil action between the same parties arising out of tort* and in case there is more than one judge of such court, such controversies shall be set and assigned for hearing under the same rules and statutes that civil actions in tort are set and assigned; such court may hear and determine such controversies in a summary

manner. * * * *D. Adverse claimants.* If at any time there are adverse claimants to compensation hereunder, the employer in submitting said claim to said circuit court may suggest in writing said claimants and they shall be required to interplead and said court shall determine and decree to which claimant or claimants such compensation is justly due and said employer upon complying with the order of such judge, shall be released from the claims of any other claimant thereto. *E. Appeal by certiorari.* From such decree any aggrieved party may by certiorari within thirty days thereafter appeal to the supreme court or the court of appeals of Alabama. (1919, p. 206.)" (Emphasis supplied.)

In B. F. Goodrich Co. v. Parker, 282 Ala. 151, 155, 209 So.2d 647, 650, a workmen's compensation case, the court said:

"As we view the question now being considered, we are not dealing merely with an amendable defect, but rather with a question of jurisdiction. This for the reason that the rights our Workmen's Compensation Law created are rights not existing at common law. The act fixed the time within which it could be enforced. It is a limitation on the right itself and not alone upon the remedy. The period within which such statutorily created rights must be asserted is of the essence of the cause of action, and is to be sustained by both averment and proof. Parker v. Fies and Sons, 243 Ala. 348, 10 So.2d 13; Nicholson v. Lockwood Greene Engineers, Inc., 278 Ala. 497, 179 So.2d 76. The time limitations within which such actions must be brought is a condition precedent to the right to maintain such action and is jurisdictional. (See Annotations, 78 A.L. R., p. 1294 et seq., for innumerable authorities.)"

The Workmen's Compensation Law, a creature of the statute, provides rights not provided at common law, and it

**22**

provides the forum and the procedure for the enforcement of the rights. Plainly, the provision of Title 26, § 297, supra, that "either party may submit the controversy to the circuit court of the county which would have jurisdiction of a civil case in tort between the same parties.", conferred jurisdiction in workmen's compensation cases upon the circuit courts, at law, thus providing a plain and adequate remedy at law. We conclude, therefore, that the Circuit Court of Montgomery County, in Equity, was without jurisdiction and that the proceedings and the final decree were void.

■ Usually it is said that a void decree will not support an appeal and the usual procedure is that the appellate court declare the judgment or decree of the trial court void and dismiss the appeal. But we note that Title 13, § 149, provides that:

> "Whenever a bill in equity is filed on the equity side of the circuit court, and a submission is had upon a demurrer thereto, or upon the pleadings and proof when a decree upon a demurrer has not theretofore been rendered and the judge before whom such submission is had is of the opinion that such bill is without equity for the reason that the complainant or plaintiff there has an adequate remedy at law, the judge shall so state in his decree, *but shall not dismiss the bill*, and shall direct in the decree that the cause be transferred to the law side of the court to which the same should have been originally brought, * * *." (Emphasis supplied.)

To the end that petitioner and respondents may yet have the benefit of the provisions of the quoted section, we do not dismiss the appeal but remand the cause to the trial court with directions that it transfer the cause to the law side of the court and indulge the parties in such further proceedings as may be indicated.

For the benefit of the trial court we conclude that, in holding that the common

law wife of the decedent was only partially dependent, it must have overlooked the provisions of Title 26, § 280, 1940 Code of Alabama.

*Remanded with directions.*