This is a divorce case.
The appellant contends that the amount of $160 bi-weekly for child support is an excessive amount for him to pay for his two sons, who were then five years of age and two and one-half years of age; and that the child support is especially unreasonable since he was additionally ordered to pay for their medical and hospital insurance and any excess charge not covered by insurance, including dental expenses. He was also ordered to pay the family debts, except the house mortgage, which the appellee must monthly defray.
The wife nets $78 per week at her employment, while his net was computed to be $918.66 per month. Some of her expenses for herself and the two boys were: $170 per month for house mortgage payments; $40 per week for food; $50 per month for utilities, exclusive of telephone charges; and child care of $80 per month. She testified that she needed her wages and an additional $600 per month from him in order to survive. He testified that he did not know what it would cost him to live, but his monthly payments on debts, exclusive of the mortgage, then amounted to $183.37.
Both of the children are in excellent health. A pay statement for the appellant was before the lower court which apparently listed his payroll deductions, but such statement is not included in the transcript before us. We, thus, are unaware of the cost of medical and hospital insurance for the boys since the premium therefor is paid by payroll deduction.
The trial was held personally before the circuit judge. Therefore, we cannot disturb the decision of the lower court unless the amount of the award was so unsupported by the evidence as to be unjust and palpably wrong. Pruett v. Pruett, Ala.Civ.App., 333 So.2d 580 (1976); 8 Ala. Digest, Divorce
312.6 (3).
The needs of the children and the financial ability of the father to contribute to such needs must be considered in determining the amount of child support. The ordered child support amounts to thirty-eight percent of his salary.
No set formula to determine child support has been established in Alabama, but, to the contrary, every case is considered to be different and unique in itself. While established formulas provide for certainty and ease of decision, we have the best system where each decision is tailor-made for the facts in every individual case. Hence, a trial judge must, of necessity, be granted discretion in ascertaining child support amounts.
Here, we cannot declare that the trial judge failed to balance the equities according to the evidence in exercising his judicial discretion. The support judgment, though high, was not palpably wrong. Accordingly, we must affirm the judgment of the circuit court.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975. His opinion is hereby adopted as that of the court.
AFFIRMED.
All the judges concur. *Page 226