This is a divorce case *Page 967 
The Circuit Court of Montgomery County divorced the parties and ordered the husband to pay periodic alimony and made a division of the property owned by the parties
The wife, through able counsel, appeals contending the trial court abused its discretion in the award of alimony and division of property
We find no abuse of discretion and affirm
Viewing the record with the attendant presumptions, the following is revealed: The parties were married for twenty-four years. Two children, now adults, were born during the marriage
The husband is forty-nine years old. He is a physician with a gross income of approximately $100,000 per year and a net income of approximately $60,000
The wife is fifty years old. Prior to the marriage the wife had worked as a nurse. She has not worked during the marriage except for a few months after the parties were first married and a few months in 1978
The wife has had psychiatric problems for the entire period of the marriage. The record indicates the wife has a long history of alcohol and drug abuse
The parties had marital problems for several years prior to the divorce. They attempted to work out their problems through marriage counseling and psychiatric help but were unsuccessful They separated and reconciled once in 1979. In 1980, the parties separated again and the husband filed for divorce
Before entering the divorce decree, the trial court took evidence ore tenus. After hearing all the testimony, the trial court awarded the wife periodic alimony in the following amounts: $2,300 per month for two and one-half years; $1,600 per month for the next five years; and then $1,000 per month until the wife reaches age sixty-two.[1] All alimony payments are to end upon the wife's remarriage
The wife was given the use of the marital home valued at approximately $150,000. The parties are to sell the home within the next two and one-half years. The wife will receive two-thirds of the proceeds from such sale and the husband would receive the remaining one-third of the proceeds
The wife received all household furnishings valued at approximately $40,000. She was awarded a 1977 Cadillac and two of the four cemetery plots owned by the parties. The wife is to be named beneficiary on a $60,000 insurance policy on the husband's life, and he is responsible for the premiums. The policy is to remain in effect until the wife reaches age sixty-two
The interest that the husband has in his office building, fixtures and equipment is to be his exclusive property. The trial court also awarded the husband the entire interest he has in property derived from inheritance. The husband was given title to four cars, all stocks and investments, and the possession to the Keogh Plan currently valued at $44,600
The trial court found the husband was paying the college tuition of the parties' son, age nineteen
Finally, the husband was awarded $10,000 in the checking and savings accounts, but shall be responsible for all marital debts. The husband was ordered to pay the wife's attorney a fee of $3,000
With the above facts before it, the learned trial judge divorced the parties in May, 1981
As indicated, the wife contends on appeal that the trial court abused its discretion in the amount of periodic alimony awarded
An award of periodic alimony is a matter within the sound discretion of the trial court and will not be disturbed on appeal except for a showing of plain and palpable abuse. Nolenv. Nolen, 398 So.2d 712 (Ala.Civ.App. 1981) *Page 968 
We find no abuse of discretion in this instance. The wife claims she needs $4,200 per month for living expenses and to maintain the standard of living she enjoyed during marriage. As noted above, the wife is currently receiving $2,300 per month, and that amount will be adjusted downward over the next twelve years. While the record indicates the wife might never again become gainfully employed as a nurse she does not appear to be precluded by her health from pursuing some other employment She may not enjoy, after the divorce, as much disposable income as she did during the marriage. However, in light of the substantial property settlement, the fact that no children now reside at home, and the lack of any major expenses to the wife, we find the amount of periodic alimony awarded adequate
The wife also contends the trial court abused its discretion in the division of property
We note that division of property is also a matter within the discretion of the trial court, which will not be disturbed on appeal except for plain and palpable abuse. Roberts v. Roberts,399 So.2d 316 (Ala.Civ.App. 1981)
The trial court did not abuse its discretion in the division of property. The wife has the use of the homeplace for the next two and one-half years. After it is sold, she will receive two-thirds of its value, estimated at $100,000. The wife was awarded more than $40,000 worth of personalty, including all household furnishings and a car
Although the property awarded the wife does not equal the value of the property awarded the husband, we do not find the award to be inequitable. Schwaiger v. Schwaiger, 392 So.2d 1213
(Ala.Civ.App. 1981). The building in which the husband practices medicine and the equipment necessary to him in his practice were all awarded to the husband. This, of course, sways the balance in the division of the property in favor of the husband. However, this professional property is necessary for the husband to work in order to support himself and his college-age son, as well as make alimony payments to the wife Since the wife did receive a substantial property award, we cannot find, in view of the above facts, there was any abuse of discretion on the part of the trial court, even though the husband did indeed receive a greater amount of the property
In view of the above, the wife's request for attorney's fees for representation on appeal is denied
Finding no abuse of discretion on the part of the trial court, the judgment is due to be affirmed
AFFIRMED
WRIGHT, P.J., and BRADLEY, J., concur
[1] Both parties apparently concede that at age sixty-two the wife will become eligible for certain federal social security benefits.