This is a divorce case.
The husband states several propositions of law in his brief, but, when they are reduced to issues, he complains that the trial court erred in two respects. We affirm.
Two different circuit judges were concerned with the contested litigation. The first was judge Hayes, who initially tried the case and rendered a final judgment on August 5, 1982, which divorced the parties (perhaps), divided their property, and awarded custody and support for their three minor children, but it did not provide for periodic alimony for the wife. On August 11, 1982, the wife filed her motion under Rule 59 of the Alabama Rules of Civil Procedure that the trial court reconsider its actions, and Judge Hayes set it for a hearing for October 25, 1982. On August 25, 1982, Judge Hayes signed a very pivotal order or judgment which read "Motion to reconsider, GRANTED." No notice was given to the attorneys of that order and the motion was argued by counsel before the trial court on October 25, 1982, but no order was then, or subsequently, entered upon the motion, although Judge Hayes apparently indicated that it would be overruled. The wife by new counsel, uninformed of the August 25 ruling, gave notice of an appeal on November 22, 1982, but her counsel did not pursue the appeal when it was ascertained that the wife's August 11 motion to reconsider had been granted on August 25, 1982.
Judge Hayes was succeeded as circuit judge by Judge Enfinger in January 1983. Alabama Reporter, 418-420 So.2d at XIII.
On February 10, 1983, the husband sought to amend the August 25, 1982 judgment under Rule 60 (a) so as to deny the wife's motion to reconsider rather than granting it. Among supporting exhibits to the 60 (a) motion, as subsequently amended, was an affidavit of former Judge Hayes wherein he briefly outlined some of the history of the litigation commencing with the August 5, 1982 final judgment and it concluded as follows:
 "I have examined the Case Action Summary in this cause wherein it appears that on the 25th day of August, 1982, an entry was made "Motion to reconsider, GRANTED." It was not my intent to reconsider this divorce matter and this entry was made by way of a clerical error and should be stricken, and the following substitution "Motion to reconsider, DENIED."
Judge Enfinger denied the husband's 60 (a) motion on March 17, 1983, and that adverse ruling constitutes the husband's first issue.
The wife primarily argues that the husband's motion asked for such a substantial change in the judgment as to not be a clerical error of Judge Hayes but, rather, that it falls within the purview of Rule 60 (b) instead of 60 (a). We cannot accommodate that contention, for a recent decision of our supreme court clearly places the husband's motion under the provisions of Rule 60 (a). Continental Oil Co. v. Williams,370 So.2d 953 (Ala. 1979).
While we have no particular disagreement with the husband's propositions of law which were presented and argued by his able counsel, the decisive issue for our decision is whether Judge Enfinger abused the discretion which is possessed by a trial court when the husband's Rule 60 (a) motion was denied.
Traditionally, a trial court has had the discretionary power to grant or deny the opening, modification or vacation of a judgment and the action so taken by the trial court would not be disturbed on appeal unless it was shown to be palpably wrong. Grigsby v. Liles, 274 Ala. 67, *Page 306 147 So.2d 846 (1962). That rule has been retained in amending alleged mistakes under Rule 60 (a) and "[D]iscretion must be allowed the courts in this regard." Mickle v. Mickle,334 So.2d 900, 902 (Ala. 1976).
The former judge, through the affidavit, could not dictate the present judge's decision, nor could he exercise that judge's discretion. Judge Enfinger solely had the discretion to grant or deny the 60 (a) relief. It is noteworthy that Judge Hayes' affidavit does not state facts from which it may be ascertained with reasonable certainty that the August 25, 1982 order was entered through his oversight or mistake. Much of the quoted portion of the affidavit was conclusionary in nature and Judge Enfinger was not bound by any unauthorized conclusion in it.
We find no palpable abuse of the court's discretion in denying the Rule 60 (a) motion.
After the second ore tenus trial on April 28, 1983, Judge Enfinger entered a final judgment. Among other provisions, it divorced the parties for incompatibility, awarded custody of the three minor children to the wife, ordered the husband to pay to the wife $350 per month per child as child support and $1,000 per month as periodic alimony. The property was divided with the wife receiving the home, the personal certificates of deposit, the furniture and a 1975 Cadillac automobile. The husband was awarded their business, named Hall's Auto Supply, a travel trailer and his boat, motor, and boat trailer.
No contention is made by the husband that the division of property was inequitable; however, he earnestly argues that the awarded child support and periodic alimony were so excessive as to constitute an abuse of discretion.
In review of the record congruent with the attending presumptions of correctness of the findings of the trial court, the following supportive evidence is revealed.
The wife received a twenty-year-old house which was purchased for $11,500 to which further rooms costing $15,000 and a $10,000 swimming pool had been added by the parties. Her furniture and car were not valued, but the house and certificates of deposit awarded to her could have been evaluated by the trial court to be worth as low as $150,000. The business had a book value net worth of $217,000, but the wife's testimony would have increased that figure by $93,000. The parties testified that each of them had worked exceptionally hard and long in establishing and building up the business since January 1970. The wife received no salary for the first five years.
The parties have been married for twenty-two years. The wife has only worked at two jobs in her lifetime. Since their separation, she has unsuccessfully sought employment at a number of parts businesses as well as in industry.
The parties have four children, one of whom is over nineteen years of age. The three minor children reside with the wife and were eight, ten and sixteen years of age at the time of the last trial. The wife itemized monthly expenses for herself and the three children in excess of $1,625. However, she did not include in that total a number of her individual expenses, such as clothing, incidentals, entertainment, automobile repairs and replacement, cosmetics, dental, medical, house maintenance or the replacement or repairs of appliances, furniture and household goods. Orthodontic expenses are anticipated for the two younger children when they reach the proper age.
In recent years, the automobile parts business which was awarded to the husband had netted an average net income of around $50,000, the highest being $60,000 in 1980. An accountant testified that, for several years, the business had retained earnings of at least $19,000 each year. It has been a growing concern, and there was no evidence to indicate any economic bleakness in its future.
By adding child support, alimony and probable interest from her certificates of deposit, the wife's present gross receipts approximate $36,000 a year. Assuming a $60,000 gross income for the husband from the business, and after deducting the awarded child support and periodic alimony *Page 307 
therefrom, he will also have a present gross income balance of around $36,000 per year. Stated differently, at the present time and before taxes, the wife and the husband probably will have approximately equal gross incomes.
The evidence having been heard orally by the trial court, its decision as to periodic alimony and child support is presumed to be correct and can be set aside on appeal only when it is palpably wrong. The division of property, the award of periodic alimony and the amount of child support are matters which are very interrelated and which fall within the sound discretion of the trial court and will not be disturbed upon an appeal except for a showing of plain and palpable abuse of that discretion.Pugh v. Pugh, 406 So.2d 966 (Ala.Civ.App. 1981); Chernau v.Chernau, 396 So.2d 1061 (Ala.Civ.App. 1981); Keleher v.Keleher, 389 So.2d 1160 (Ala.Civ.App. 1980).
While the law does not establish any fixed standard for determining periodic alimony, some relevant factors to be considered are the "future prospects of the parties; their ages, sex, health and station in life; how long they were married; and in appropriate cases, the conduct of the parties with reference to the cause of the divorce." Phillips v.Phillips, 49 Ala. App. 514, 523, 274 So.2d 71, 79 (1973).
In determining the amount of child support, the needs of the children and the financial ability of the parent to contribute to those needs must be considered. Smith v. Smith,387 So.2d 224 (Ala.Civ.App. 1980).
A prescribed formula to be used in determining the amount of child support or periodic alimony has not been mandated in Alabama. Every case is different and unique. "While established formulas provide for certainty and ease of decision, we have the best system where each decision is tailormade for the facts in every individual case. Hence, a trial judge must, of necessity, be granted discretion. . . ." Smith v. Smith, supra, at 225; Phillips v. Phillips, supra. We have no authority to formularize those matters although, upon the same or similar facts, different amounts will commonly be awarded by the various trial courts in the proper exercise of their judicial discretion.
In conjunction with the attendant presumptions, we have carefully considered all of the evidence, each of the factors governing the award and amount of periodic alimony, the needs of the children, the ability of the father to pay, the possible differences in the property division, and each of the equities here concerned. We cannot say that the trial court was palpably wrong when the entire record and the total scheme of the final judgment are duly considered. We find no clear and perceptible abuse of discretion as to the amount awarded for either child support or periodic alimony. The judgment is supported by competent evidence.
We note that the child support provisions of the judgment authorize an automatic reduction of $350 per month as each child reaches majority, marries or becomes self-supporting. We are further cognizant that the amount of monthly support per minor child and the amount of monthly alimony may be eliminated, reduced or increased if future events produce a material change in the circumstances of the affected parties.
The judgment of the trial court is affirmed.
Appellee's request for attorney fees on appeal is granted in the sum of $500.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur. *Page 308