EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a divorce case.
In presently pertinent part, the final judgment granted custody of the eleven-year-old daughter to the wife and of the son, who is thirteen, to the husband. At this time the husband must pay $150 each month to the wife as child support and must provide periodic alimony by the payment of the monthly mortgage installments upon the marital home of $79 and by the further payment of the utilities for the home, which the wife estimated at $100 each month. Except for a savings account for each child, the savings of the parties were divided equally between them. The wife was given the use of the home until she remarries, or certain other contingencies occur, at which time the property will be sold and the equity of the parties will be equally divided between them.
The husband appeals and contends that the trial court abused its discretion by awarding to the wife the amounts granted as alimony and child support and in giving to the wife one-half of the savings of the parties.
The trial was conducted ore tenus before the circuit court. Consistent with the applicable presumptions, the following facts are revealed by the trial evidence:
They were married in 1969, the wife then being nineteen years of age. The two children were born to them.
Shortly before their marriage, the husband had been seriously injured in an automobile accident and, as a result, underwent numerous surgical procedures over an extended period of time. In addition, the husband developed thyroid cancer for which he received surgical and other treatment resulting in a good prognosis.
Commencing in 1974 or 1975, the wife had mental or emotional problems that required counseling and treatment on several occasions at different facilities. However, *1108 she is apparently well at the present time and has never been mentally better in her life. She is now under no medication for that condition and has been released by her attending physicians.
The husband has two college degrees, including a master’s degree. The wife had one and one-half years of college credits and is now receiving career training.
The husband has worked at the courthouse as a volunteer without pay for three or four days a week since 1976, by assisting an official in interviewing people. He is seeking a paying job but has been unsuccessful after many applications. In accordance with the husband’s desires, the wife did not work during their marriage. She is searching for employment, and she is hopeful of obtaining it after she completes her career training.
The husband’s physical disability rating was reduced from 100% to 60% by the Veterans Administration and, consequently, his monthly checks have been reduced from $1,377 to $497. That constitutes his present income. The wife has no earnings or other receipts at this time.
According to the wife, the only account owed by the parties was for $200, while the husband stated that those debts totaled $905. As of November 1982, the husband’s Social Security disability benefits were terminated, but the husband appealed and those payments were then continued each month from November 1982 until that particular appeal was determined against the husband in May 1983. The matter is still in litigation and, if the husband is not successful in his case, the Social Security Administration must be reimbursed by him for the payments that he received from them from November 1982 until May 1983, which the husband estimated to be from $13,000 to $14,000. The wife states that he told her that it would amount to $8,000. There was no evidence specifically as to how much was paid to him monthly as Social Security. Those disputed payments were placed in one of their savings accounts.
The parties jointly own the home, the use of which was awarded to the wife. The house mortgage balance is $8,000. The wife estimated the worth of that property to be $35,000. The husband was granted three lots across the street from the marital home which had been purchased for $1,500. They also still jointly own fifty-five acres of woodland which was purchased from the wife’s father for $4,000.
The wife testified that her monthly living expenses totaled $661, including the mortgage payment of $79 and utilities of $100. The expenses of the husband were estimated by him to be $1,016 each month.
Outside of a savings account for the education of each of their children, the parties had accumulated additional funds totaling $19,672 as of the date of the trial. Those savings consisted of $15,842 with a credit union and $3,830 with a savings and loan institution. Prior to the trial, the husband had cashed one certificate of deposit and had closed two savings accounts, which three items totaled $4,972, which is not included in the $19,672 savings funds. At the trial it was the testimony of the husband that he had no objection to the savings, other than the two savings accounts for the two children, being divided equally between the parties. They had accrued $13,000, exclusive of the Social Security payments which were deposited in the savings accounts, according to the wife’s testimony.
The trial court heard the extensive evidence ore tenus; hence, the final judgment is presumed to be correct as to child support, periodic alimony and the division of the savings, and the determination of the trial court must not be disturbed unless the decision was palpably wrong. Each of those issues is interrelated and falls within the sound discretion of the trial court and will not be disturbed upon appeal unless that discretion was clearly abused. Pugh v. Pugh, 406 So.2d 966 (Ala.Civ.App.1981); Chernau v. Chernau, 396 So.2d 1061 (Ala.Civ.App.1981). In Alabama, no fixed standard has been established for determining the amount of either periodic alimony or child support, but the trial court has a discretion to exercise as to those matters. *1109 In awarding periodic alimony, some relevant factors to be considered are the ages, sex, station in life, health, future prospects of the parties, the duration of the marriage and the cause of the divorce. Phillips v. Phillips, 49 Ala.App. 514, 274 So.2d 71 (1973). The needs of the child and the ability of the parents to contribute to those needs must be considered. Smith v. Smith, 387 So.2d 224 (Ala.Civ.App.1980).
The periodic alimony which was awarded to the wife amounted to the payment of her utilities of about $100 monthly, and the payment of the home mortgage monthly installment of $79. Since the husband still owns a one-half interest in the home, only one-half of the mortgage payments ($39.50) should be considered to be for the wife’s benefit. The periodic alimony now amounts to about $135.50 each month. The total of the payments for child support and alimony take a big slice from the present income of the husband; however, we do not deem those ordered payments to be excessive or palpably wrong under all of the circumstances. There was no abuse of discretion in the award of alimony or child support. While more funds could be used by both parties, hopefully their respective financial conditions will improve by their future employment. In any event, the amount of child support and periodic alimony may be altered and changed, in the discretion of the trial court, if future events create a material change in the circumstances of the parties.
As to the equal division of the remaining savings accounts of the parties, we likewise find no abuse of discretion. Under all of the facts (including those surrounding the husband’s contingent liability to the Social Security Administration, his prior receipt of almost $5,000 of their savings, and the division of all of their property), we cannot say that the trial court was plainly wrong in equally dividing their remaining savings. It is noteworthy that the husband testified that he had no objection to an equal division of the savings of the parties. Having found no error as to any issue which was presented by able counsel for our decision, the judgment of the trial court is affirmed.
Appellee’s request for attorney fees on appeal is granted in the amount of $400.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.