This is a divorce case.
The husband appeals from a divorce decree entered by the Circuit Court of Butler County. He primarily contends that the trial court erred in the division of the parties' property and in its failure to award him periodic alimony.
Additionally, however, the husband attacks the authority of the trial judge who presided over the divorce and entered the decree from which the husband appeals. We affirm.
 I
Prior to the trial of this case, the Butler County circuit judge recused himself, stating that he was disqualified under Canon 3 C of the Alabama Canons of Judicial Ethics. The circuit judge appointed a Butler County district judge to preside over the case.
The husband contends on appeal that the circuit judge, having recused or disqualified himself, had no authority to appoint a "successor," the district judge, to preside *Page 72 
over the case. Hence, the husband argues, the district judge also lacked authority, and the decree he entered is void or voidable.
The issue presented by the husband through able counsel is an interesting one, but one which this court will not address because the husband failed to raise it in the trial court. It is well established that the issue of a trial judge's qualification or disqualification to preside over a case cannot be raised on appeal if it was not raised before the trial court. Karrh v. Crawford-Sturgeon Insurance, Inc.,468 So.2d 175 (Ala.Civ.App. 1985); Murphy v. Quinn, 402 So.2d 1033
(Ala.Civ.App. 1981); Wambles v. Coppage, 333 So.2d 829
(Ala.Civ.App. 1976).
The husband contends, however, that this issue is a jurisdictional one and that it, therefore, may be raised for the first time on appeal. See Whatley v. Lewis, 46 Ala. App. 18,237 So.2d 503 (Ala.Civ.App. 1970). We disagree.
Rule 13 of the Alabama Rules of Judicial Administration clearly gives the presiding circuit judge the administrative
authority to appoint a district judge to sit in a case, such as the present one, in which the presiding circuit judge recuses himself for reasons which do not appear of record. In this instance, therefore, we do not find the issue of the presiding circuit judge's authority to appoint the district judge to be a jurisdictional one capable of being raised for the first time on appeal. The case of Lister v. Vivian, 8 Port. 375 (1839), cited by the husband in support of his argument, is inapposite.
 II
Following an ore tenus hearing, the trial court divided the parties' real and personal property between them. The wife was awarded the marital home and ordered to assume the mortgage on the home. No periodic alimony was awarded to either party.
The husband contends that the trial court erred in its division of the parties' property by awarding the marital home to the wife, as well as a larger share of the personal property. He also argues that the trial court erred in failing to award him periodic alimony.
When a trial court is presented evidence in a divorce caseore tenus, its judgment is presumed to be correct and will not be set aside by this court unless it is so contrary to the evidence as to be plainly and palpably wrong or unjust. Brannonv. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985); Nowell v.Nowell, 474 So.2d 1128 (Ala.Civ.App. 1985); Golson v. Golson,471 So.2d 426 (Ala.Civ.App. 1985).
Moreover, the two matters attacked by the husband — the division of property and the award of alimony — are committed to the sound discretion of the trial court. Its judgment will not be reversed absent a showing that it has abused that discretion. Brannon, 477 So.2d at 446; Nowell, 474 So.2d at 1129; Golson, 471 So.2d at 429.
There has been no showing that the trial court abused its discretion with regard to its division of the parties' property. In determining the proper division, a trial court should look at several factors, including the parties' ages, sex and health, the length of the marriage, the parties' future employment prospects, the source, value and type of property owned, the parties' standard of living during the marriage, and the potential for maintaining that standard after the divorce.Brannon, 477 So.2d at 447; Nowell, 474 So.2d at 1129-30;Golson, 471 So.2d at 429.
The husband argues that the trial court erred because it divided the parties' property based upon their contributions to the marriage. We disagree. It is quite apparent from the trial court's orders denying the husband's motion for a new trial that the parties' contributions to the marriage were only one of the many factors the trial court considered in determining the most equitable division of the parties' property. It also considered the parties' ages, their health, the length of the marriage, the fact that there were no children involved and that the divorce was based merely upon incompatibility, and the type of property to be divided. *Page 73 
It is true that the wife received a larger share of the property than the husband, but there is no requirement that the division of property must be equal. Rather, it must be equitable and graduated according to the circumstances of each case. Brannon, 477 So.2d at 447; Nowell, 474 So.2d at 1130.
Moreover, no abuse of discretion is shown merely because the wife was awarded the marital home. It is often appropriate for the home to be awarded to one of the parties to a divorce, and the evidence supports a finding that it was largely the wife's income which enabled the parties to obtain the home.
We also find no abuse of discretion in the trial court's failure or refusal to award periodic alimony to the husband. In determining an award of alimony, the trial court should consider many of the same factors set forth above with regard to the division of property. Brannon, 477 So.2d at 447; Nowell, 474 So.2d at 1129; Golson, 471 So.2d at 429.
The evidence showed that the husband was thirty-six years of age and in good health. At the time of the divorce his 1985 income was estimated to be approximately $15,000. Under such circumstances, despite the fact that the wife's income was considerably more than that of the husband, we find no abuse of discretion in the trial court's failure or refusal to award periodic alimony to the husband.
The wife has requested an attorney's fee for representation on appeal. A fee of $500 is hereby awarded. The husband's request for an attorney's fee is denied.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.