This is a divorce case. *Page 1132 
Following an ore tenus trial, the trial court entered a judgment of divorce on grounds of incompatibility of temperament and an irretrievable breakdown of the marriage. Custody of the parties' minor child was awarded to the wife.
The husband appeals. We affirm.
The husband primarily contends that the trial court erred in awarding custody of the parties' six-year-old son to the wife.
The matter of custody in a divorce case is a matter within the sound discretion of the trial court, and its determination thereof will not be reversed, absent a showing that it has abused that discretion. Lucero v. Lucero, 485 So.2d 347
(Ala.Civ.App. 1986); Hester v. Hester, 460 So.2d 1305
(Ala.Civ.App. 1984).
Moreover, where the evidence in a divorce case is presentedore tenus, the trial court has the opportunity to weigh and digest all of the evidence, including any that may be conflicting. Its judgment is then presumed to be correct and will not be set aside on appeal, unless it is plainly and palpably wrong or unjust. Lucero, 485 So.2d at 348; Dyar v.Dyar, 484 So.2d 1116 (Ala.Civ.App. 1986).
Quite frankly, the husband has failed to show that the trial court abused its discretion in awarding custody to the wife or that the custody award is plainly and palpably wrong or unjust.
The husband relies primarily upon the written report and testimony of Dr. Robert D. Lyman, a child psychologist who interviewed and evaluated the parties and the child by order of the trial court. Dr. Lyman recommended that primary physical custody of the child be given to the husband because, among other things, he found that the child related significantly better to the husband than to the wife and the husband appeared to be less likely to experience academic and behavior problems with the child.
The husband contends that the report and testimony of Dr. Lyman was not disputed or rebutted at trial and that, therefore, the trial court's award of custody to the wife is contrary to the uncontroverted evidence. We disagree. Dr. Lyman himself reported to the trial court that the wife "is an intelligent and articulate woman who cares deeply for her child."
The husband further contends that the wife's "numerous extramarital affairs" showed her inability to provide a stable environment and stable influence for the child. There was evidence, however, that both parties had engaged in such extramarital affairs.
Moreover, the following would appear to amply support the trial court's award of custody to the wife.
At the time of the trial a friend of the husband had been residing in the husband's home for approximately ten months. The husband testified that the friend has had a drinking problem. Additionally, the husband's twenty-one-year-old son by a previous marriage resided in the husband's home until some time during the pendency of this case. There was some testimony to the effect that this son might be a homosexual. During weeks when the child would visit in the husband's home, both the friend and the older son were there, and the child would sleep with his father.
There was further evidence to show the husband's past involvement with marijuana. The husband admitted in his testimony that he used to keep marijuana in his home, that he used to smoke marijuana more than once a week, and that he introduced the wife to the drug. The wife testified that the husband smoked marijuana on a daily basis when she resided with him in Tuscaloosa.
In this court's opinion the evidence showed that both parties care about the well-being of the child. In fact, the trial court found that both parties "are suitable as parents." Since this finding is supported by the evidence, the trial court would not have been in error regardless of whom was awarded custody of the child. However, the evidence also supports the trial court's conclusion that the wife was more capable of providing the child with "a *Page 1133 
stable home environment and stable influence."
In view of the above, the husband has not shown that the trial court erred in awarding custody to the wife.
The husband also contends that the trial court erred in failing to grant a divorce to him on grounds of the wife's adultery. We find this contention to be without merit.
The husband's cross-bill sought a divorce on grounds of incompatibility and an irretrievable breakdown of the marriage, as well as adultery, and the evidence supports the granting of the divorce on the former grounds. Moreover, we note that there is evidence that both the husband and the wife had engaged in extra-marital affairs.
The wife has requested an attorney's fee for representation on appeal. A fee of $500 is hereby awarded.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.