This is a divorce case.
The circuit court divorced the parties on the grounds of the husband's adultery and the "incompatibility" of the parties. The trial court made an award of periodic alimony to the wife and effectuated a division of property.
The wife appeals, contending in the main that the trial court erred to reversal in its awards to the wife.
We find no error requiring reversal and affirm.
The cases are legion which hold that the awards which the wife disputes are subjects which fall within the sound judicial discretion of the trial court and that the trial court's decision thereon will not be disturbed on appeal except where such discretion was plainly and palpably abused. See generallyLucero v. Lucero, 485 So.2d 347 (Ala.Civ.App. 1986). Periodic alimony: Edge v. Edge, 494 So.2d 71 (Ala.Civ.App. 1986);Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985). Division of property: Golson v. Golson, 471 So.2d 426
(Ala.Civ.App. 1985); Brannon, 477 So.2d 445.
Equally well established is the "ore tenus" rule. When the trial court personally hears the evidence, as in the instant appeal, the judgment appealed from is presumed to be correct on appeal. The judgment cannot be altered on appeal if it is supported by legal evidence unless the trial court's decision was palpably wrong. Sayles v. Sayles, 495 So.2d 1131
(Ala.Civ.App. 1986); Crosslin v. Crosslin, 494 So.2d 431 (Ala.Civ.App. 1986).
This court pretermits a summary of the evidence. Little or nothing would be contributed to the law by stating the pertinent facts. This is so because of the vast number of cases on the same legal subjects.
Suffice it to say that after a review of all the testimony and the entire record before the court, we are not persuaded that the adjudication of the matters disputed by the *Page 9 
wife is of such character as to constitute a plain abuse of judicial discretion. Simply stated, the trial court was not plainly and palpably wrong.
In addition to the above, the wife complains of certain evidentiary rulings by the trial court. Quite frankly, we do not find any reversible error. However, if error was committed, clearly, such would fall within the purview of Rule 45, Alabama Rules of Appellate Procedure.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.