HOLMES, Judge.
This is a divorce case.
Following ore terms proceedings, the trial court divorced the parties, who had been married twenty-two years, on grounds of incompatibility. Among other things, the trial court divided the parties’ property and awarded the wife periodic alimony for a limited period of time.
The wife appeals. We affirm.
The wife’s sole contention on appeal is that the trial court erred to reversal because it failed to treat the parties’ property as assets of the parties’ business partnership and it thus failed to allot to the wife her full share of such assets.
We find no error by the trial court in failing or refusing to treat the parties’ property as assets of a partnership. For the trial court to have found that a partnership existed, evidence, even if only circumstantial, of some form of partnership agreement would have to have been presented to it. Dutton v. Dutton, 446 So.2d 615 (Ala.Civ.App.1983); Bailey v. Bailey, 345 So.2d 304 (Ala.Civ.App.1977).
Yet the testimony of both parties was to the effect that there was never any partnership agreement concerning the family business. The wife simply testified that “I feel like it’s ours so that would be a partnership.”
Without question there was evidence that the wife’s role in the family business was an important one. However, the fact that the wife played an important role in the operation of the business, as well as the fact that she shared in the profits from *591 the business along with the husband, is not necessarily sufficient to establish that an agreement existed between the parties as to a business partnership. Bailey, 345 So.2d 304.
In this regard, we note that the evidence regarding the alleged partnership was presented to the trial court ore terms, as was all of the evidence in this divorce matter. Where such is the case, the trial court’s judgment is presumed to be correct and will not be reversed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. Sayles v. Sayles, 495 So.2d 1131 (Ala.Civ.App.1986); Crosslin v. Crosslin, 494 So.2d 431 (Ala.Civ.App.1986).
In view of the evidence before the trial court, we cannot say that its refusal to treat the parties’ property as partnership assets was plainly and palpably wrong.
The wife’s contention on appeal is basically a dispute with the division of the parties’ property by the trial court. The division of property is a matter within the sound discretion of the trial court, and its decision regarding the same will not be disturbed on appeal except where such discretion was plainly and palpably abused. Phillips v. Phillips, 515 So.2d 8 (Ala.Civ.App.1987); Edge v. Edge, 494 So.2d 71 (Ala.Civ.App.), cert. denied, 494 So.2d 73 (Ala.1986).
We find no abuse of the trial court’s discretion in its division of the parties’ property. In fact, we think the learned trial court made every effort to make a fair and reasonable division. It appears to this court that the wife received a substantial portion of the parties’ property, including part of the family business.
The division of properly by the trial court need not be equal. Rather, it must be equitable and graduated according to the circumstances of the case. Edge, 494 So.2d 71; Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985).
We find the division of the parties’ property in view of the totality of the circumstances of this case to be quite equitable.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.