HOLMES, Judge.
This is a divorce case.
After an ore tenus hearing, the trial court divorced the parties and effectuated a division of the property.
The wife appeals, contending, in effect, that the trial court’s judgment was inequitable and thus due to be reversed.
We find no error requiring reversal and affirm.
It is well settled, of course, that in divorce cases a trial court’s judgment is presumed to be correct and will not be set aside on appeal unless it is so contrary to the evidence as to be plainly and palpably wrong or unjust. Sayles v. Sayles, 495 So.2d 1131 (Ala.Civ.App.1986).
Moreover, a trial court’s judgment regarding such matters as the division, of property and the award of alimony is committed to the sound discretion of the trial court and will not be disturbed on appeal except where such discretion was plainly and palpably abused. Turquitt v. Turquitt, 506 So.2d 1014 (Ala.Civ.App.1987); Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986); Burns v. Burns, 473 So.2d 1085 (Ala.Civ.App.1985).
Although we do not think that a detailed summary of the evidence is necessary in this case, we would note that both parties were approximately fifty years old and had good jobs at the time of trial.
The wife argues, in the main, that the trial court abused its discretion by awarding the husband the marital residence and other property when compared to what she received, and in view of the fact that the husband’s income was almost twice that of hers. We disagree.
In Edge v. Edge, 494 So.2d 71 (Ala.Civ.App.1986), we held that a trial court did not abuse its discretion by awarding the marital home and a larger share of the personal property to the wife, and in not awarding the husband periodic alimony, despite the fact that the wife’s income was considerably larger than that of the husband.
We find that case to be dispositive of the issue on appeal. This is especially so in *890 view of the fact that the trial court awarded the wife another home of comparable value to that awarded the husband. The trial court also awarded the wife the sum of $17,500 as her interest in the property awarded to the husband.
Having reviewed the record with the attendant presumptions, we cannot hold that the trial court erred regarding its awards to the wife in this case. That is, we are not persuaded that the trial court’s judgment in this case constitutes a plain abuse of discretion.
We would note that we would not necessarily have made the same judgment in this case, but to reverse would be to substitute our judgment for that of the trial court. This the law does not permit. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985).
The husband has requested an attorney’s fee for representation on appeal. That request is denied.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.