The parties were married in 1969. Approximately 19 years later, in May 1988, the wife instigated divorce proceedings after the husband moved out of the house to cohabitate with another woman. After an ore tenus proceeding, a divorce was granted to the parties on the ground of incompatibility. The trial court ascribed no fault to either party in its divorce order. The wife was granted custody of the parties' two children. As a property settlement, the wife was awarded the parties' house and furnishings, subject to its mortgage, and the parties' 1982 Chevrolet Cavalier, along with its accompanying payments. The husband in turn was awarded all the shares of stock held by the wife in the family business, Sun TV and Appliance Rental, Inc. As part of its decree, the trial court ordered the husband to pay $600 per month to the wife as periodic alimony and $350 per month per child as child support. The trial court further ordered the husband to pay the wife the sum of $3,344.65 for attorney fees. The husband appeals, contending that the specific amounts awarded for alimony, child support, and attorney fees were excessive so as to constitute an abuse of discretion. *Page 1246 
Initially we note that our review of this case is governed by the ore tenus rule. Under this rule, the trial court's final judgment is presumed correct and will be upheld on appeal if supported by credible evidence. Phillips v. Phillips,515 So.2d 8 (Ala.Civ.App. 1987).
We further note that the awarding of alimony, child support, and attorney fees are all matters which lie within the sound discretion of the trial court. We are not authorized to set aside the trial court's decision regarding these matters unless we find the trial court palpably abused its discretion.Jones v. Jones, 454 So.2d 1006 (Ala.Civ.App. 1984).
Factors which may be considered in determining how much, if any, alimony should be awarded include (1) the financial circumstances of the husband and wife; (2) their standard of living during their marriage; (3) their ages and health; (4) the length of their marriage; (5) the value of their common property; and (6) the conduct of each with regard to the cause of their divorce. Brannon v. Brannon, 477 So.2d 445
(Ala.Civ.App. 1985); Golson v. Golson, 471 So.2d 426
(Ala.Civ.App. 1985). In awarding child support, the trial court may consider the needs of the children and the parents' ability to pay. Hall v. Hall, 445 So.2d 304 (Ala.Civ.App. 1984).
The husband contends that the trial court erred in awarding the wife an amount which exceeds his income. He was ordered to pay the wife $1,300 per month in child support and alimony. He claims his total net monthly income is approximately $1,078.
An award which exceeds a husband's stated income does not automatically amount to an abuse of discretion by the trial court. Hurd v. Hurd, 397 So.2d 133 (Ala.Civ.App. 1980). In making the initial award of alimony and child support, the trial court may consider the parties' ability to earn as opposed to the parties' actual income. Ebert v. Ebert,469 So.2d 615 (Ala.Civ.App. 1985). This rule of law is particularly applicable to the facts of the present case.
The record reveals that the wife is 37 and has a high school education. Her future earning prospects do not appear as bright as those of her 36-year-old husband. Although the latter has achieved only a sixth grade education, the record shows that he has been employed at various jobs throughout the marriage. Since 1983, he has acted as president and majority shareholder of the family business. In contrast to the husband's job history, the wife has worked very little over the course of the parties' 19-year marriage. In the early years of the marriage, she worked in a fast food restaurant and as an assembly line worker. During the four years prior to the divorce, she kept the books and worked the front counter of the family business. From the evidence, it appears that the wife lacks the skills and education which would enable her to find employment which pays well.
It is undisputed that the business has several outstanding debts and is presently operating on a shoestring. However, the continued operation of the business does not appear to be endangered by the trial court's award. Both parties testified that the business is and would continue to be profitable. The 1986 tax returns showed that the company had a gross income of $122,434.10. The husband testified that the approximate gross sales price of the business would be in the range of $145,000 to $150,000.
It is difficult to determine the husband's present ability to pay from the record before us. He appears to have access to funds other than his stated salary. Not only is he the president and majority shareholder of the company, but he is also the sole active shareholder deriving benefits therefrom. The only other shareholders are the wife's parents. In view of the foregoing, it would appear that the husband could adjust his personal salary to meet his financial obligations.
There is evidence that the wife's parents helped the husband secure the necessary start-up capital to open the business in 1983. There is also evidence that the wife contributed to the success of the business *Page 1247 
and received little compensation. She received approximately $500 in 1985 and $9,000 in 1986 for her efforts. The husband on the other hand earned approximately $28,000 in 1985 and $18,000 in 1986.
We recognize that the award to the wife was rather generous in view of the fact that the business is just getting established. However, the trial court could not ignore, among other things, the husband's future earning potential. The present award of alimony and child support may be modified in the event that either party is affected by a material change in circumstances in the future. Hall v. Hall, supra. We, therefore, cannot say, after reviewing all the evidence in light of the attendant presumptions, that the award was excessive so as to constitute an abuse of discretion.
We now turn to the issue of attorney fees. The husband contends that the trial court abused its discretion by requiring him to pay his wife's attorney fees. In addition, he contends that the specific amount of attorney fees awarded was excessive. As stated previously, an award of attorney fees is a matter which lies within the sound discretion of the trial court and will not be disturbed on appeal unless the award is found to be palpably wrong.
In assessing the value of legal services performed, the court may rely upon its own knowledge and experience. Hammond v.Hammond, 500 So.2d 27 (Ala.Civ.App. 1986). Factors which may be considered include the respective financial positions and the conduct of the parties. Lutz v. Lutz, 485 So.2d 1174
(Ala.Civ.App. 1986). The wife's attorney testified as to the prevailing rates in the community and submitted his billing/case history report into evidence. Consequently, we cannot say that the trial court abused its discretion in awarding the wife an attorney's fee of $3,344.65. Nor can we say in view of the evidence presented that the trial court abused its discretion in requiring the husband to pay the wife's attorney's fee.
The wife's request for attorney fees on appeal is granted in the amount of $500.00. The wife's request for an award for damages under Rule 38, Alabama Rules of Appellate Procedure, is denied.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.