HOLMES, Presiding Judge.
This is a divorce case.
After an ore terms hearing the trial court divorced the parties and awarded the wife custody of the parties’ minor child. The decree, in the main, awarded the wife two vehicles and the household furnishings; the husband was required to assume and remain solely liable for all marital indebtedness and to pay $300 per month in child support and $1,120 per month alimony.
The husband appeals, contending that the trial court erred in the division of the marital property, as well as in the award of alimony to the wife.
We find no such error requiring reversal and affirm.
The matters of which the husband complains are left to the sound discretion of the trial court; its judgment is presumed correct on appeal and will not be disturbed on appeal unless plainly and palpably wrong. Phillips v. Phillips, 515 So.2d 8 (Ala.Civ.App.1987).
Moreover, in a divorce case in which the evidence is presented to the trial court ore terms, the judgment of the trial court is presumed to be correct and will not be set aside by this court unless it is plainly and palpably wrong or unjust. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986).
This court pretermits a detailed summary of the evidence. Little or nothing would be contributed to the law by stating the pertinent facts. We note, however, that, in viewing the record with the attendant presumptions, we find that the husband is *96 presently retired from the military and receives not only military retirement pay but also post, exchange privileges, commissary privileges, and complete medical care benefits. Additionally, the husband is now gainfully employed outside the military. In contrast, the wife has spent the twenty-two-year marriage as a housewife, raising the parties’ two children, and, therefore, has few marketable skills at this time.
While the husband is entirely responsible for the marital debts, these obligations are being paid and are, thus, temporary in nature. Further, there was evidence of marital misconduct on the part of the husband.
Suffice it to say that, after a review of all the testimony and the entire record before this court, we are not persuaded that the trial court’s decree constitutes a plain and palpable abuse of discretion.
The wife has requested an award for attorney’s fees for representation on appeal. A fee of $750 is awarded for representation on appeal.
This case is due to be, and is, affirmed.
AFFIRMED.
INGRAM and ROBERTSON, JJ., concur.