HOLMES, Presiding Judge.
This is a divorce case.
*564 After an ore tenus hearing the trial court granted the husband a divorce on the grounds of adultery committed by the wife and further on the grounds of incompatibility of the parties. The trial court awarded custody of the parties’ two minor children to the father and effectuated a property settlement.
The wife, through able counsel who has provided this court with an excellent brief, appeals, contending that the trial court erred in three respects: (1) the award of custody, (2) the division of property, and (3) not awarding her periodic alimony or at least reserving the right to do so in the future.
We find no error requiring reversal and affirm.
At the outset we note that it is well established that the issues of which the wife complains are within the sound discretion of the trial court. See (regarding custody) Sayles v. Sayles, 495 So.2d 1131 (Ala.Civ.App.1986). See (regarding division of property) Lawson v. Lawson, 507 So.2d 524 (Ala.Civ.App.1987). See (regarding periodic alimony) Edge v. Edge, 494 So.2d 71 (Ala.Civ.App.1986).
Moreover, when the trial court hears the evidence, as in the instant appeal, the judgment appealed from is presumed to be correct on appeal. Sayles, 495 So.2d 1131. Its judgment is presumed to be correct and will not be set aside on appeal unless it is plainly and palpably wrong or unjust. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986).
This court pretermits a detailed summary of the evidence. Little or nothing would be contributed to the law by stating the pertinent facts. This is so because of the vast number of cases on the same legal subjects.
We do note, however, that the record is replete with evidence that the wife suffers from certain mental problems. Further, the record reveals that the wife had several extramarital affairs during the marriage, one of which was the grounds on which the divorce was granted.
We also point out that, as concerns the wife’s argument regarding periodic alimony, we have no alternative but to affirm the trial court. This is true because periodic alimony is defined as an allowance from the current earnings of a spouse to provide for the current and continuous support of the other. Slaton v. Slaton, 455 So.2d 34 (Ala.Civ.App.1984). After a review of the record, we find no evidence whatsoever of the current earnings of the husband. In fact, the record is devoid as to any evidence of the earnings—past, current, or future— of the husband or wife. Further, the record does not reveal what expenses or obligations the wife must satisfy.
Suffice it to say that we have reviewed the record, and, in view of the attendant presumptions, we are not persuaded that the trial court abused its discretion. For this court to reverse would be to substitute our judgment for that of the trial court. This the law does not permit. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985).
The wife’s request for an attorney’s fee for representation on appeal is denied.
This case is due to be affirmed.
AFFIRMED.
INGRAM and ROBERTSON, JJ., concur.