INGRAM, Presiding Judge.
After an ore tenus proceeding, the trial court divorced the parties and effectuated a property settlement. The trial court also required the husband to (1) continue to provide medical insurance coverage for the wife for one year; (2) pay the wife’s attorney’s fees in the amount of $3,000; and (3) pay the wife $1.00 per year as alimony. Only the wife appeals.
On appeal, the wife raises numerous issues, all of which allege that the trial court abused its discretion in the awards to her.
It is well established that the award of alimony and the division of property are within the sound discretion of the trial court and will not be disturbed on appeal except where such discretion was plainly and palpably abused. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). Moreover, when the trial court hears the evidence, as in the instant appeal, the judgment appealed from is presumed to be correct on appeal. The judgment cannot be altered on appeal if it is supported by competent evidence unless the trial court’s decision was palpably wrong. Sayles v. Sayles, 495 So.2d 1131 (Ala.Civ.App.1986).
This court pretermits a detailed summary of the evidence. Little or nothing would be contributed to the law by stating the pertinent facts. This is so because of the vast number of cases on the same legal subject.
We would note, however, that, from a review of the record, it appears to this court that the award to the wife was quite generous. As concerns the wife's contention that certain property should have been considered “separate or inherited property,” we find no merit. This property was clearly used regularly for the common benefit of the parties during their marriage. See Ala.Code 1975, § 30-2-51.
Suffice it to say that we have reviewed the record and, in view of the attendant presumptions, we are not persuaded that the trial court abused its discretion. For this court to reverse would be to substitute our judgment for that of the trial court. This the law does not permit. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985).
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.